■ ALEXANDER MAASCH, Respondent, v. EDWARD CORNING COMPANY, INC., et al., Appellants.— Order of the Supreme Court, Suffolk County, dated June 14, 1967, which granted plaintiff's motion to increase an *ad damnum* allegation in his complaint from $200,000 to $750,000 and to amend his bill of particulars with respect to the specifications of negligence, injuries, and special damages, reversed, with $20 costs and disbursements to appellants Ketchum & Sharp, and motion denied, without prejudice to a renewal of the motion as hereinafter indicated, if plaintiff be so advised. The motion, made upon the eve of trial, should not have been granted solely upon the affidavit of plaintiff's attorney. On an application of this nature, the moving papers should include an affidavit by plaintiff showing the merits of the case, the reason explaining or excusing the delay in making the motion and facts showing that the increase is warranted. A physician's affidavit should also be submitted, demonstrating with some degree of specificity the nature of plaintiff's injuries and a causal connection between those injuries and the accident which is the basis for the action (*Koi* v. *P. S. & M. Catering Corp.*, 15 A D 2d 775; *Ferrari* v. *Paramount Plumbing & Heating Co.*, 20 A D 2d 878; see, also, *Handschu* v. *Weltz*, 13 A D 2d 679; *Petrella* v. *Gruber*, 19 A D 2d 794; *Doyle* v. *Killeen*, 28 A D 2d 969). However, in view of the apparent seriousness of plaintiff's injuries and in the interests of justice, we believe plaintiff should be afforded an opportunity to renew his application upon proper papers, if he so desires. We also note that if a renewed application is made, and if the Special Term deems it appropriate to grant plaintiff relief, defendants should be afforded an opportunity for further examinations before trial and a further physical examination of plaintiff. Christ, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.