■ In the Matter of KIZZIE NEAL, Respondent, v. FREDERIC S. BERMAN, as City Rent and Rehabilitation Administrator, Appellant.— Judgment in this article 78 proceeding unanimously reversed, on the law, with $50 costs and disbursements to respondent, the determination of the respondent Administrator in all respects confirmed, and the petition dismissed, with taxable costs. There is justification for the holding by the Administrator that the language of section 2 (subd. f, par. [9]) of the Rent, Eviction and Rehabilitation Regulations is not mandatory in its provisions for recontrol of premises certified by a city agency as a fire or health hazard. The Administrator's interpretation of the regulation is entitled to great weight in the absence of compelling language to the contrary. "The administrative determination is to be accepted by the courts 'if it has "warrant in the record" and a reasonable basis in law'". (*Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108; see, also, McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 129; *Matter of Nyboe* v. *Allen*, 7 A D 2d 822; 1 N. Y. Jur., Administrative Law, § 89.) The words of the section, that the certified "housing accommodation shall become subject to control", are not required to be interpreted as if the provision was "shall become controlled". The words "subject to" are used to indicate that the premises merely became liable to or exposed to control. The words "subject to" signify a grant of discretion rather than the imposition of a mandatory direction upon the Rent Administrator. We conclude that the language used was not intended to deprive the Administrator of the power to exercise reasonable discretion in the matter. Under the circumstances, his interpretation that control could be accomplished only after giving the landlord an opportunity to present evidence that control was unwarranted not only is justified by the wording of the statute but conforms with basic principles of due process. Consequently, his determination that control was not warranted in the circumstances was neither arbitrary nor capricious. Concur — Stevens, J. P., Eager, Steuer, Tilzer and McGivern, JJ.

■ BOHLE, INC., Appellant, v. BOH BRAND FOODS CORP. et al., Respondents, et al., Defendant. JAYBAR REALTY CORP., Appellant.— Order entered March 25, 1968 unanimously affirmed, without costs and disbursements, and without prejudice to an application by plaintiff for summary judgment and without prejudice to the defendants making an application in surplus money proceedings. Concur — Stevens, J. P., Eager, Steuer, Tilzer and McGivern, JJ.

■ SONDRA STEIN et al., Respondents, v. NORTHSHORE HOSPITAL et al., Defendants, and JULIA WEINSTEIN, Appellant.— Order, entered May 27, 1968, granting plaintiffs' motion to serve a further bill of particulars, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to defendant-appellant, and the motion denied. Plaintiffs were guilty of inexcusable and prejudicial laches in moving on the eve of trial, some seven years after the alleged malpractice, four years after the service of the original bill, and subsequent to the deposition and demise of the physician defendant, to enlarge their bill to embrace claims not stated in the original bill. In the circumstances the granting of the relief was an improvident exercise of discretion. Concur — Stevens, J. P., Capozzoli, Tilzer, Rabin and McNally, JJ.