(December 31, 1984)

◼ KATHERINE BECKER et al., Respondents, v CITY OF NEW YORK et al., Defendant, and WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant Watchtower Bible and Tract Society of New York, Inc. (Watchtower) appeals from a judgment of the Supreme Court, Queens County (Berkowitz, J.), dated August 19, 1983, which, after a jury trial, awarded plaintiffs damages as against Watchtower.

Judgment affirmed, with costs.

This is a negligence action in which it is alleged that injuries were sustained by plaintiff Katherine Becker when she tripped and fell on the sidewalk adjacent to the meeting hall of defendant Watchtower on December 30, 1980.

Appellant Watchtower seeks reversal and a new trial because, *inter alia,* the trial court permitted plaintiffs to change their theory of liability in an amended verified complaint on the eve of trial and after the complaint had been dismissed against a codefendant.

The original verified complaint and verified bill of particulars (both verified by plaintiffs' counsel) stated that the negligence of defendant Watchtower and the others named as party defendants, including the City of New York, was the failure to repair a defect on the sidewalk adjoining Watchtower premises in the Borough of Queens. Two years following the accident, and after jury selection, but before the trial actually commenced, the trial court dismissed the action insofar as it was against the City of New York with prejudice (for lack of prior written notice of defect), marked the case off the calendar, and granted plaintiffs' oral application for leave to serve an amended complaint and amended bill of particulars. Plaintiffs promptly served an amended verified complaint and an amended verified bill of particulars alleging for the first time that Watchtower had made prior repairs in a negligent manner. In the five-month interval prior to the ensuing trial, Watchtower did not institute further disclosure procedures against plaintiffs.

At trial, plaintiffs' daughter testified that in May or June, 1980 she observed workmen placing cement into a sidewalk hole and, approximately two months prior to the accident, she observed that the hole had formed once again, apparently due to crumbling cement, and that it was the same hole where her mother fell. In response to further questioning, her explanation for not informing her parents or their counsel of her observations until two years after the accident was that no one had asked her and that she did not recall the preaccident repair and later erosion until the day she was in court when the action was dismissed against the City of New York. Despite the suspect source and nature of the testimony followed by the aggressive cross-examination and summation of Watchtower's counsel, the jury's verdict on the liability phase of the bifurcated trial attributed 80% liability to the defendant Watchtower.

We agree with plaintiffs that they presented a prima facie case. Their daughter's testimony was not incredible as a matter of law. Her credibility was an issue for the jury to decide. An appellate court is required (as was the trial court) to view the

evidence in the light most favorable to the plaintiff, who is entitled to the benefit of all inferences which may reasonably be drawn therefrom (*Santiago v Steinway Trucking,* 97 AD2d 753; *Calvaruso v Our Lady of Peace R.C. Church,* 36 AD2d 755). The court's function is not to weigh the evidence, but rather, to determine whether any rational basis exists for the jury to find in the plaintiffs' favor (*Blum v Fresh Grown Preserve Corp.,* 292 NY 241; *Lipsius v White,* 91 AD2d 271; *Le May v Frankel,* 80 AD2d 665; *Santiago v Steinway Trucking, supra; Calvaruso v Our Lady of Peace R.C. Church, supra*). Moreover, at trial, Frederick Molohan, the manager of Watchtower's Long Island City assembly hall, conceded that defendant Watchtower made repairs prior to the accident to the sidewalk adjacent to the Watchtower building in Long Island City. He stated the repairs were made by a maintenance crew that was employed by Watchtower's central headquarters. No evidence was offered, however, by any member of Watchtower's maintenance crew as to the precise location of the repairs. Thus, plaintiffs' daughter's testimony was not rebutted.

We do not agree with Watchtower that the trial court's oral order granting leave to serve an amended complaint and bill of particulars constituted an abuse of discretion, since Watchtower failed to indicate on the record a showing of prejudice from its belated knowledge of plaintiffs' new theory of liability.

Nor can we agree with Watchtower's argument that the trial court's denial of its application to place plaintiffs' counsel on the witness stand to question him as to the factual basis of his verification of the original verified complaint and bill of particulars, and as to statements made in an affirmation in support of plaintiffs' motion to restore the case to the calendar, constituted an improper denial of defendant Watchtower's right to place into evidence at the trial the original verified complaint and bill of particulars. During trial, defense counsel made no independent offer of these documents into evidence. The trial court did permit defense counsel to point out the suspect nature of the change of theory, two years after the accident, both in the cross-examination of plaintiffs' daughter and in defense counsel's summation. Thus, the suspect nature of the change in theory was adequately presented to the jury.

We have examined defendant Watchtower's other contentions and find them to be without merit. O'Connor, Niehoff and Boyers, JJ., concur.

Thompson, J. P., dissents and votes to reverse the judgment appealed from and grant a new trial, with the following memorandum: There are several reasons for ordering a new trial in

this case. First and foremost, the verdict is totally contrary to the weight of the credible evidence. Plaintiff Katherine Becker was injured in December, 1980 when she fell on a sidewalk. Although three separate entities were named as defendants, the entire case proceeded on a theory that the negligent party was the City of New York, based upon its failure to repair a defective sidewalk. The verified complaint alleged actual negligence only on behalf of the City of New York, and the inquiry by defendant Watchtower Bible and Tract Society of New York, Inc. (Watchtower) in its demand for a verified bill of particulars concerning its actual negligence was responded to as not being applicable.

In March, 1982 one of the defendants obtained an order dismissing the action against it. In January, 1983, literally on the very eve of trial, following jury selection, the City of New York was able to obtain its release from the case on the basis of a lack of prior notice of the defect in the sidewalk. Only then for the first time did the key witness in this case, plaintiffs' daughter, Catherine Lange, come forward with information that prior to the accident she had seen the hole in which her mother fell being repaired (presumably by Watchtower employees) and that several months thereafter, but still prior to the accident, she saw the repaired sidewalk crumbling. This testimony was obviously tailored to keep the sole remaining defendant in the case. I will not go so far as to say that Lange's testimony was incredible as a matter of law, or that plaintiffs failed to establish a prima facie case. I am also fully aware of the deference due to a jury determination of a question of fact. I believe the court abdicates its responsibility to review questions of fact as well as questions of law, however, when it defers to a finding of liability, such as that made herein, which is predicated on the testimony of a witness who is as unworthy of belief as Catherine Lange. An appellate court has the authority to grant a new trial because a verdict is contrary to the weight of the evidence, and this case presents a perfect scenario for the exercise of this authority.

I also believe a new trial is required because it was an abuse of discretion to grant plaintiffs' oral application to amend their verified complaint and bill of particulars on the very eve of trial (see Siegel, NY Prac, § 240). The application lacked the necessary affidavit of merit and copy of the proposed new pleading, and there is no reasonable excuse justifying the lengthy delay in making the request to amend the pleading and bill of particulars (see *Eggeling v County of Nassau,* 97 AD2d 395; *Lycett v Niagara Frontier Tr. Systems,* 81 AD2d 1034; *A.B.C. Carpet Co. v Jason Minick, Inc.,* 45 AD2d 566; *Barry v Niagara Frontier Tr. System,* 38 AD2d 878; *James-Smith v Rottenberg,* 32 AD2d 792; *Stein v*

*Northshore Hosp.,* 31 AD2d 617; *Maasch v Corning Co.,* 29 AD2d 774; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.22). The inadequate motion practice employed herein should not be countenanced.

Finally, a new trial is required because the trial court, apparently under the mistaken impression that plaintiffs' original verified complaint and bill of particulars were part of a separate case, placed undue restrictions on the use of these materials by Watchtower in its cross-examination of witnesses and on summation (*Owen A. Mandeville, Inc. v Zah,* 38 AD2d 730, affd 35 NY2d 769; *O'Hearn v O'Hearn,* 55 AD2d 766).