(May 29, 1990)

■ BEVERLY MOORE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Order of the Supreme Court, New York County (Edward Lehner, J.), entered on May 17, 1989, which denied plaintiff-appellant's motion to amend her bill of particulars, unanimously reversed, on the law, facts and

in the exercise of discretion, and the motion granted, without costs.

According to the complaint, plaintiff-appellant suffered personal injuries when she was struck by the overhead curved sign access door, which allegedly became unsecured and swung on its hinges striking plaintiff in the head. The complaint, served in 1985, contains two causes of action. The first charges the Transit Authority with negligence. The second alleges that "a defect existed in a metal object located in the ceiling of said car", and that the defective condition was inherently and unreasonably dangerous. The complaint further alleges that the metal object "was designed in such a manner that it would come apart from its fixed location striking a person".

After the matter was placed on the Trial Calendar, but prior to being called for trial, plaintiff sought leave to serve an amended bill of particulars alleging a defect in the design of the frame, lock, and door, and for further discovery in relation to this claim.

The motion court denied plaintiff's motion on the ground that the proposed amendment would add a new theory of liability that is time barred. We reverse.

A motion to supplement a bill of particulars is governed by the same standards as a motion to amend a pleading. *(See, Scarangello v State of New York,* 111 AD2d 798.) In the absence of prejudice or unfair surprise, leave to amend pleading should be freely granted. (CPLR 3025 [b].) Defendant-respondent will not be actually prejudiced by the amendment which is merely an elaboration of a theory of liability of which defendant was afforded ample notice by the complaint. *(See, Scarangello v State of New York, supra.)* Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.