■ MARGARET E. BIELAWSKI et al., Appellants, v EDGEWATER RECREATION, INC., Respondent and Third-Party Plaintiff-Respondent, and EDGEWATER RECREATION CONDOMINIUMS, Respondent and Second Third-Party Plaintiff-Respondent. LAUER-MANGUSO & ASSOCIATES, Third-Party Defendant-Respondent and Second Third-Party Defendant-Respondent and Fourth-Party Plaintiff-Respondent; WALDEMAR TIEDEMANN, INC., Fourth-Party Defendant-Respondent.—Order unanimously reversed on the law without costs and motion granted. Memorandum: We conclude that it was an improvident exercise of discretion to deny plaintiffs' motion to amend their bills of particulars and to preclude the use of testimony by plaintiffs' expert at trial *(see,* CPLR 3025 [b]; *Moore v New York City Tr. Auth.,* 161 AD2d 505; *Scarangello v State of New York,* 111 AD2d 798). When no prejudice or unfair surprise exists, leave to amend pleadings, or to supplement a bill of particulars, should be liberally granted. Defendants will sustain no actual prejudice by the proposed amendment because it constitutes

only an embellishment of a theory of liability asserted in plaintiffs' initial bills of particulars *(see, Scarangello v State of New York, supra).*

Defendants, however, should be afforded the opportunity to conduct discovery with respect to the allegations raised by the amendment to the bills of particulars *(see, Risucci v Homayoon,* 122 AD2d 260; *Bernas v Kepner,* 36 AD2d 58; *Maasch v Corning Co.,* 29 AD2d 774; *De Veaux v Wide World Photos,* 20 AD2d 787). (Appeal from Order of Supreme Court, Chautauqua County, Ricotta, J.—Amend Bill of Particulars.) Present— Doerr, J. P., Denman, Green, Lawton and Davis, JJ.