■ WALLACE SCHWARTZ, Respondent, v ISIDORE EPSTEIN et al., Appellants.—In an action, *inter alia,* for an accounting and to recover damages for conversion, the defendants appeal from stated portions of an interlocutory judgment of the Supreme Court, Nassau County (Brucia, J.), dated June 19, 1990, which, upon a jury verdict, *inter alia,* determined that the plaintiff did not intend to sell his shares in the defendant Creatron Services, Inc., to the defendant Isidore Epstein when he signed a document dated December 9, 1982.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

The relevant facts and allegations underlying this lawsuit were stated in *Schwartz v Epstein* (155 AD2d 524), in which this Court denied the defendants' cross motion for summary judgment. After a trial on the issue of liability, the jury returned a special verdict finding that while the plaintiff's signature on the handwritten document dated December 9, 1982, was not fraudulently obtained, the plaintiff did not intend therein to sell his shares in Creatron Services, Inc., to the defendant Isidore Epstein. In addition, the jury found that while the plaintiff's signatures on the general release and the resignation as officer and director of Creatron Services, Inc., both dated January 12, 1983, were valid, they were fraudulently obtained, and the plaintiff did not intend to sell his shares or release the defendants from potential claims.

The trial court properly denied the defendants' motion for judgment as a matter of law. The court's role in deciding such a motion is not to weigh the evidence, but to view the evidence in the light most favorable to the plaintiff, "to determine whether any rational basis exists for the jury to find in the plaintiff's favor" *(Becker v City of New York,* 106 AD2d 595, 597; *Wessel v Krop,* 30 AD2d 764). The plaintiff testified that at no time did he intend to either sell his shares in Creatron Services, Inc., or waive any claims against the defendants, and that the document dated December 9, 1982, was not intended to be effective until his death. The plaintiff had always trusted Epstein to handle the financial aspects of his business. In addition, the plaintiff was in poor physical condition due to chemotherapy treatment, and had no recollection of signing the general release and resignation on January 12, 1983. It was therefore rational for the jury to conclude that the plaintiff did not intend to sell his shares or waive claims against the defendants by signing the document of December 9, 1982, and that the plaintiff's signatures on the documents of January 12, 1983, were fraudulently obtained.

Nor are the jury's findings inconsistent. The plaintiff admitted to signing the document dated December 9, 1982, but asserted that it was not intended to take effect until his death. Given the plaintiff's testimony that he never intended to sell his shares or waive claims against the defendants, it was not inconsistent for the jury to find that the document of December 9, 1982, was not fraudulently obtained, while finding that the documents dated January 12, 1983, were so obtained.

The trial court properly denied the defendants' request for a missing witness charge based upon the plaintiff's failure to present his treating physicians as witnesses. Since no issue was presented as to the plaintiff's capacity, the testimony in question would not have been relevant to the issues at trial (cf., Chandler v Flynn, 111 AD2d 300, 301-302). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.