■ JACOB AXELROD, Appellant, v KENNETH ROSENBAUM, Respondent. [613 NYS2d 707] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered June 10, 1992, which, upon a jury verdict, found him to be 45% at fault in the happening of the accident and is in favor of the plaintiff in the principal sum of only $55,000.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision awarding the plaintiff damages in the principal sum of $55,000; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court for a new trial on the issue of damages only.

Contrary to the plaintiff's argument on appeal, we find that the trial court properly denied the plaintiff's motion for judgment as a matter of law. The court's role in deciding such a motion "is not to weigh the evidence, but to view the evidence in the light most favorable" to the nonmoving party, and " 'to determine whether any rational basis exists for the jury to find' " in that party's favor *(Schwartz v Epstein,* 190 AD2d 726; *see also, Becker v City of New York,* 106 AD2d 595; *Wessel v Krop,* 30 AD2d 764).

Nor do we find that the liability verdict was against the weight of the evidence. The jury was presented with questions of fact which it could have reasonably resolved by apportioning fault between the plaintiff and the defendant. Thus, the jury's verdict was based upon a fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129).

However, with respect to the issue of damages, we find that the trial court improperly refused to permit the introduction of a photograph of the plaintiff taken shortly after the accident while the plaintiff was in the hospital. Photographs that fairly and accurately represent the plaintiff shortly after an accident are admissible when they aid the jury in their assessment of the medical testimony and plaintiff's pain and

suffering *(see, Rivera v City of New York,* 160 AD2d 985; *Gallo v Supermarkets Gen. Corp.,* 112 AD2d 345). In the case at bar, the photograph of the plaintiff was not inflammatory and could have aided the jury in determining the amount of damages to be awarded to the plaintiff.

Accordingly, we deem it necessary to grant a new trial on the issue of damages, in which the photograph taken of the plaintiff shortly after the accident, while he was recovering in the hospital, may be introduced into evidence. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.