■ JASMINE COLON, an Infant, by Her Father and Natural Guardian, JIMMY COLON, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [670 NYS2d 428] —Judgment, Supreme Court, Bronx County (George Friedman, J., and a jury), entered February 18, 1997, apportioning fault 100% against defendant, and awarding plaintiff $100,000 for past pain and suffering and $200,000 for future pain and suffering, unanimously modified, on the facts, to vacate the apportionment of fault and the award of damages and direct a new trial on those issues, and otherwise affirmed, without costs or disbursements, unless plaintiffs stipulate, within 20 days after service upon their attorney of a copy of this order, to apportion fault 30% against plaintiffs and 70% against defendant and to reduce the awards for past and future pain and suffering to the principal amounts of $70,000 and $130,000, respectively, and to entry of an amended judgment in accordance therewith. Appeal from order, same court and Justice, entered on or about December 9, 1996, which denied defendant's motion to set aside the verdict, unanimously dismissed, without costs.

Plaintiff teenager suffered a serious laceration to her thigh when, in the course of running through an unlit parking lot and admittedly not paying attention to her surroundings, she fell against metal protruding from an abandoned car, which vehicle she had previously observed. In these circumstances, the jury's apportionment of fault cannot be sustained under any fair interpretation of the evidence (*see, Schildkraut v Eagle Lines,* 126 AD2d 480, *lv denied* 70 NY2d 605), and we modify accordingly. Moreover, the awards for past and future pain and suffering deviate materially from what is reasonable compensation under the circumstances (CPLR 5501 [c]; *cf.,*

*Seidner v Unger*, 245 AD2d 362; *Abdulai v Roy*, 232 AD2d 229), and we accordingly modify in this respect as well.

The photographs depicting the infant plaintiff's injury were not unduly inflammatory, and were properly admitted to help the jury evaluate the medical testimony and assess plaintiff's pain and suffering (*see, Axelrod v Rosenbaum*, 205 AD2d 722). Nor did plaintiffs' failure to produce two specific photographs prior to trial warrant the preclusion of those photographs at trial, despite defendant's pretrial demand for photographic evidence, where there is no indication that such failure was willful and defendant failed to show any resulting prejudice. The complained-of cross-examination of a defense witness was appropriately sustained because, read in context, it elicited testimony for the proper purpose of impeachment, not the improper purpose of providing a lay witness's opinion on an issue to be decided by the jury. Concur—Lerner, P. J., Sullivan, Rosenberger, Nardelli and Andrias, JJ.