■ THERESE ROSINSKY, Appellant, v ANGEL ORENSANZ FOUNDATION, INC., et al., Respondents. [677 NYS2d 363] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 14, 1998, which denied plaintiff's motion to amend her bill of particulars, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.

The IAS Court improvidently exercised its discretion in denying plaintiff's motion to amend her bill of particulars.

While we recognize that plaintiff's original attorney should have moved to amend as soon as evidence emerged that a per-

manent height differential existed on the part of the floor where plaintiff tripped and fell on what she had previously thought was merely a bunched-up carpet, that failure alone should not preclude plaintiff's assertion of her claim in the absence of prejudice to the defendants (*see, Moore v New York City Tr. Auth.*, 161 AD2d 505).

Here, no showing of prejudice has been made. The complaint itself had indicated that the cause of the accident was "improper design, construction and maintenance of the said floor", clearly placing defendants on notice. Moreover, the record shows quite clearly that the defendants were aware of the defective condition of the floor in the area where plaintiff fell.

Furthermore, plaintiff's new attorney moved promptly after she was retained, and, contrary to the finding of the IAS Court, her motion was not made on the eve of trial, which had been stayed. Concur—Rosenberger, J. P., Ellerin, Nardelli, Wallach and Saxe, JJ.