■ WAYNE HEATH et al., Appellants-Respondents, v MAKITA CORPORATION et al., Respondents-Appellants. [681 NYS2d 289] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Westchester County (Fredman, J.), entered June 3, 1997, as, upon a jury verdict, and upon an order of the same court entered April 21, 1997, *inter alia,* denying their motion to correct the verdict or for a new trial on the issue of damages and denying the defendants' cross motion for a new trial on all of the causes of action, or, in the alternative, for judgment as a matter of law pursuant to CPLR 4404 on the derivative cause of action asserted on behalf of the plaintiff Alice Heath, is in favor of the plaintiff Wayne Heath and against the defendants in the principal sum of $406,488.16, and in favor of the plaintiff Alice Heath and against the defendants in the principal sum of $58,890, and the defendants cross-appeal, as limited by their brief, from so much of the same judgment, as, upon denying their cross motion, is in favor of the plaintiffs and against them.

Ordered that the judgment is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, so much of the order entered April 21, 1997, as denied (a) that branch of the plaintiffs' motion which was for a new trial on the issue of damages with respect to the plaintiff Wayne Heath and (b) that branch of the defendants' cross motion which was to dismiss the derivative cause of action of the plaintiff Alice Heath is vacated, the cross motion is granted and the derivative cause of action asserted on behalf of the plaintiff Alice Heath is dismissed, the motion is granted and a new trial is ordered on the issue of damages only with respect to the plaintiff Wayne Heath.

The trial court erred in failing to instruct the jury that "[y]ou must now decide from the evidence before you the total amount of damages suffered by the plaintiff[s] * * * in accordance with the rules that I am about to explain to you. In arriving at the total, you must not consider the percentages of negligence but must simply report the total amount of the plaintiff[s'] dam-

ages" (PJI 2:36.1; *see, Luppino v Busher,* 119 AD2d 554). The error was compounded by the court's confusing instructions on that issue. The combined errors created a question as to whether the verdict sheet accurately reflected the total amount of damages determined by the jury (*see, Hoffman v Domenico Bus Serv.,* 183 AD2d 807).

The evidence offered by the plaintiffs was insufficient to permit the jury to return a finding in favor of the plaintiff Alice Heath on her derivative claim, and therefore the trial court erred in submitting that claim to the jury.

The photographs of the plaintiff Wayne Heath's hand, taken immediately after the accident, were properly admitted into evidence as part of the plaintiffs' direct case (*see, Axelrod v Rosenbaum,* 205 AD2d 722).

The plaintiffs' remaining contentions are academic in light of our determination. Pizzuto, J. P., Joy, Florio and Luciano, JJ., concur.