ABEL BATEN, Respondent, v WEHUDA et al., Appellants, et al., Defendant. [722 NYS2d 534] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered September 25, 2000, which, to the extent appealed from, denied defendants-appellants' motion for summary judgment to the extent that it sought dismissal of plaintiff's Labor Law § 241 (6) claim and his common-law negligence claim, unanimously affirmed, without costs.

In light of the prior notice given appellants of plaintiff's Labor Law § 241 (6) claim (see, Rosinsky v Angel Orensanz Found., 253 AD2d 661), the fact that the claim was not plainly lacking in merit (cf., Del Rosario v 114 Fifth Ave. Assocs., 266 AD2d 162), and the absence of any showing of prejudice to appellants (see, Pereira v NAB Constr. Corp., 256 AD2d 395), the motion court's determination to allow plaintiff to submit a supplemental bill of particulars, which merely expanded upon the previous one by specifying the Industrial Code sections relied upon, was a proper exercise of discretion, and, thus, summary judgment dismissing plaintiff's Labor Law § 241 (6) claim was properly denied. We note, however, that certain of the Industrial Code sections cited by plaintiff in the amended bill of particulars (i.e., 12 NYCRR 23-1.15, 23-1.16) are not applicable to the facts of this case.

Also properly denied was that branch of appellants' motion seeking dismissal of plaintiff's common-law negligence claim. Although appellants maintain that they had neither notice of nor opportunity to remedy the alleged hazard and that the alleged hazard was, in any event, obvious, plaintiff's deposition testimony and the affidavit of his co-worker to the effect that the alleged hazard had existed for a significant period prior to plaintiff's accident and that plaintiff had not had occasion to notice the hazard in advance of the accident, were sufficient to raise triable issues with respect to notice and the obviousness of the hazard. Concur—Rosenberger, J. P., Williams, Andrias, Wallach and Saxe, JJ.