■ In the Matter of Sade W., a Child Alleged to be Abused and Neglected. Administration for Children's Services, Re-

spondent; DENISE ST. J., Appellant. (Proceeding No. 1.) In the Matter of DOMINIQUE W., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DENISE ST. J., Appellant. (Proceeding No. 2.) In the Matter of DAVAN W., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DENISE ST. J., Appellant. (Proceeding No. 3.) In the Matter of CARLA ST. J., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DENISE ST. J., Appellant. (Proceeding No. 4.) In the Matter of ELIKIVAH F., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DENISE ST. J., Appellant. (Proceeding No. 5.) [730 NYS2d 721] —In five related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from five orders of fact-finding and disposition (one paper as to each child) of the Family Court, Kings County (Pearce, J.), all dated May 13, 1999, which, after a hearing, found that she had abused and neglected her five children, and which placed the children in the custody of the Administration for Children's Services for 12 months.

Ordered that the appeals from so much of the orders of fact-finding and disposition as placed the children in the custody of the Administration for Children's Services for 12 months are dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.

The petitioner carried its burden of proving by a preponderance of the credible evidence that the mother abused one of her daughters, who was four years old, by deliberately burning her hand. The little girl's twin sister corroborated the abuse (*see, Matter of Nicole V.,* 71 NY2d 112; *Matter of Zakheima M.,* 239 AD2d 498; Family Ct Act § 1046 [a] [vi]). The mother's explanation of how the burn occurred was implausible. Moreover, the mother admitted under oath that she habitually used crack cocaine, thus establishing that all five children were neglected (*see, Matter of Glenn G.,* 154 Misc 2d 677, 682, *affd sub nom. Matter of Josephine G.,* 218 AD2d 656; Family Ct Act § 1012 [f] [i] [B]).

The mother's remaining contentions are unpreserved for appellate review, academic, or without merit. Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.