■ RICHARD SCUDERI, Respondent, v INDEPENDENCE COMMUNITY BANK CORP. et al., Respondents-Appellants, and KANE BROTHERS CARPETING, INC., et al., Appellants-Respondents. [884 NYS2d 861]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered December 22, 2008, which, to the extent appealed from, (1) denied the motion of defendants Kane Brothers Carpeting and Showplace Flooring (Kane/Showplace) for summary judgment insofar as it sought dismissal of plaintiff's Labor Law § 200 and common-law negligence claims and the cross claims for common-law indemnification or contribution asserted against them, and (2) granted plaintiff leave to supplement his bill of particulars and awarded plaintiff partial summary judg-

---

ment as to liability against defendants Independence Community Bank Corp. and 172 East 4th Street Tenants Corp. (Independence and Tenants Corp.) on his Labor Law § 241 (6) claim, unanimously modified, on the law, to the extent of dismissing, as against Kane/Showplace, plaintiff's Labor Law § 200 claim and Independence and Tenants Corp.'s cross claim for contractual indemnification, denying plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 241 (6) against Independence and Tenants Corp., and otherwise affirmed, without costs

Plaintiff was a carpenter employed by a nonparty general contractor that hired Kane/Showplace as subcontractors for a project to renovate the premises owned by Tenants Corp. and leased by Independence. Plaintiff claims he was injured when he tripped over debris consisting of, inter alia, cardboard boxes and twine, allegedly belonging to Kane/Showplace.

Kane/Showplace moved to dismiss plaintiff's Labor Law §§ 200 and 241 (6) and common-law negligence claims, and to dismiss codefendants' cross claims for contractual and common-law indemnification and contribution, asserting that they were neither an owner nor a general contractor, and were not negligent. Since Kane/Showplace were neither owners nor general contractors, liability cannot be assessed against them under either Labor Law §§ 200 (see *Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553 [2009]) or 241 (6) (see *Kelarakos v Massapequa Water Dist.*, 38 AD3d 717 [2007]). However, summary judgment dismissing plaintiff's common-law negligence claim and codefendants' cross claims for common-law indemnification and contribution is precluded inasmuch as triable issues of fact exist here as to whether Kane/Showplace were present at the site when plaintiff was injured, and whether they created the debris on which plaintiff claims he fell (*cf. Urban*; *Bell v Bengomo Realty, Inc.*, 36 AD3d 479, 481 [2007]). Dismissal of the contractual indemnity claim is appropriate, as Independence and Tenants Corp. failed to produce the contract supporting such claim.

The court properly granted plaintiff's motion to supplement his bill of particulars to assert a violation of the Industrial Code, based on an allegation long known to all defendants, and thus causing no prejudice (see *Baten v Wehuda*, 281 AD2d 366 [2001]). However, the trial court erroneously granted plaintiff's motion for partial summary judgment on the issue of liability on his section 241 (6) claim against Independence and Tenants Corp. There exists a question of fact as to whether plaintiff's accident was in fact caused by debris, and thus it cannot be said,

as a matter of law, that defendant owners were liable under the provisions of the Industrial Code. Concur—Andrias, J.P., Sweeny, McGuire, Acosta and Richter, JJ. [*See* 2008 NY Slip Op 33419(U).]