■ AUDREY HOBERG, Respondent, v SHREE GRANESH, LLC, Appellant. [926 NYS2d 578]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Sweeney, J.), entered April 12, 2010, which, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, upon a jury verdict on the issue of liability finding it 70% at fault in the happening of the accident, and upon a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sum of $60,000, is in favor of the plaintiff and against it in the principal sum of $42,000.

Ordered that the judgment is affirmed, with costs.

A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted only when the trial court determines that, upon the evidence presented, "there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). In making this evaluation, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*id.* at 556; *see Nestro v Harrison*, 78 AD3d 1032, 1033 [2010]). Applying these principles here, the evidence presented during the liability phase of the trial provided a rational basis upon which the jury could have concluded that the absence of handrails on the stairway in the lobby of the defendant's motel was a proximate cause of the plaintiff's injuries (*see Boudreau-Grillo v Ramirez*, 74 AD3d 1265, 1267 [2010]; *Antonia v Srour*, 69 AD3d 666, 667 [2010]; *Asaro v Montalvo*, 26 AD3d 306, 307 [2006]). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law.

The Supreme Court did not improvidently exercise its discretion in refusing to preclude the plaintiff's expert witness from testifying that the failure to equip the stairway in the motel lobby with handrails violated Multiple Residence Law § 132. Although the plaintiff's expert witness disclosure statement did not specify the statutory provision requiring the lobby stairway to be equipped with handrails, it was sufficient to apprise the defendant of the subject matter of the expert's proposed testimony, and was neither "so inadequate or inconsistent with the expert's testimony as to have been misleading, or to have resulted in prejudice or surprise" (*Gagliardotto v Huntington*

*Hosp.*, 25 AD3d 758, 759 [2006]; *see* CPLR 3101 [d] [1] [i]; *Rabinowitz v Elimian*, 55 AD3d 813, 814 [2008]; *Popkave v Ramapo Radiology Assoc., P.C.*, 44 AD3d 920, 921 [2007]). There is also no indication that the plaintiff's delay in retaining the expert and serving the expert witness notice was willful or intentional, or that the defendant was prejudiced as a result of the delay (*see Rowan v Cross County Ski & Skate, Inc.*, 42 AD3d 563, 564 [2007]; *Lanoce v Kempton*, 8 AD3d 449, 451 [2004]; *Young v Long Is. Univ.*, 297 AD2d 320 [2002]). Moreover, the defendant did not show that it was prejudiced by the fact that the plaintiff's supplemental bill of particulars erroneously alleged a violation of Multiple Dwelling Law § 52 (1) which does not apply to the premises, since both that provision and the applicable provision, Multiple Residence Law § 132, identically require stairs more than three feet and eight inches in width to be provided with handrails on each side.

The scope and manner of cross examination "are left to the sound discretion of the trial court" (*Salm v Moses*, 13 NY3d 816, 817 [2009]; *see Bernstein v Bodean*, 53 NY2d 520, 529 [1981]), and here the Supreme Court did not improvidently exercise its discretion in limiting the defendant's cross-examination of the plaintiff's expert witness (*see Matter of Simone D.*, 9 NY3d 828, 829 [2001]; *Forte v Standard Fusee Corp.*, 204 AD2d 600 [1994]).

Contrary to the defendant's contention, the Supreme Court properly permitted the plaintiff to introduce evidence during the damages phase of the trial concerning the effect her injuries had on her activities and personality. This evidence was relevant to loss of enjoyment of life, which is a factor to be considered by the jury in assessing damages for pain and suffering (*see Nussbaum v Gibstein*, 73 NY2d 912, 914 [1989]; *McDougald v Garber*, 73 NY2d 246, 255-256 [1989]). In addition, the photograph of the plaintiff recovering from her injuries in the hospital was not inflammatory, and was properly admitted to help the jury evaluate the medical testimony and assess the plaintiff's pain and suffering (*see Heath v Makita Corp.*, 255 AD2d 419, 420 [1998]; *Salazar v Fries & Assoc.*, 251 AD2d 210, 211 [1998]; *Colon v New York City Hous. Auth.*, 248 AD2d 254, 255 [1998]; *Axelrod v Rosenbaum*, 205 AD2d 722, 723 [1994]).

The defendant's remaining contentions are without merit. Rivera, J.P., Eng, Roman and Miller, JJ., concur.