(November 22, 2011)

■ Rayon Al-Shahrani, Appellant, v Hudson Auto Traders, Inc., Respondent. [933 NYS2d 708]—

"A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted only when the trial court determines that, upon the evidence presented, 'there is no rational process by which the fact trier could base a finding in favor of the nonmoving party' " (*Hoberg v Shree Granesh, LLC*, 85 AD3d 965, 966 [2011], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). "In making this evaluation, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Hoberg v Shree Granesh, LLC*, 85 AD3d at 966, quoting *Szczerbiak v Pilat*, 90 NY2d at 556). Applying these principles here, the evidence presented by the plaintiff provided a rational basis upon which the trier of fact could have concluded that the plaintiff was an infant when he entered into the subject contract with the defendant and, therefore, that the contract was voidable at the plaintiff's election (*see Joseph v Schatzkin*, 259 NY 241, 243 [1932]; *Leasing Serv. Corp. v Vita Italian Rest.*, 171 AD2d 926, 927 [1991]; *see also* 67 NY Jur 2d, Infants and Other Persons Under Legal Disability § 7). We also conclude that the plaintiff made a demand before commencing this action for disaffirmance of the contract and return of the money paid to the defendant,

as well as tendering to the defendant the vehicle which was the subject of the agreement, and that, by commencing this action, he unequivocally manifested his intention to disaffirm the contract (*see Nathan v Karp, Inc.*, 214 App Div 490, 491-492 [1925]). Contrary to the Supreme Court's determination, the evidence before the Supreme Court did not establish, as a matter of law, that the contract was one for "necessaries" (*see generally Sternlieb v Normandie Natl. Sec. Corp.*, 263 NY 245 [1934]; *Braham & Co., Inc. v Zittel*, 232 App Div 406, 407 [1931]; 67 NY Jur 2d, Infants and Other Persons Under Legal Disability § 20). Furthermore, contrary to the Supreme Court's determination, the plaintiff's mother did not have the right or authority to ratify the plaintiff's contract (*see Kaufman v American Youth Hostels*, 13 Misc 2d 8, 15 [1957], *mod on other grounds* 6 AD2d 223 [1958]; *see* 67 NY Jur 2d, Infants and Other Persons Under Legal Disability § 7).

The parties' remaining contentions either are improperly raised for the first time on appeal, are without merit, or need not be addressed in light of our determination.

Accordingly, the judgment must be reversed, the motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint denied, the complaint reinstated, and the matter remitted to the Supreme Court, Putnam County, for a new trial. Rivera, J.P., Dickerson, Eng and Roman, JJ., concur.