■ In the Matter of ZAIRE D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; BENELLIE R., Appellant, et al., Respondent. [935 NYS2d 581]—

Contrary to the mother's contention, the Family Court's determination that she regularly used marijuana, and committed acts of domestic violence against the father while the father was holding the child in his arms, is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). This evidence was sufficient to support the Family Court's finding that the mother neglected the child (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [a] [iii]; *Matter of Ajay Sumert D. [Vijay Anand D.]*, 87 AD3d 637, 638 [2011], *lv denied* 17 NY3d 717 [2011]; *Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026, 1027 [2011]; *Matter of Kiara C. [David C.]*, 85 AD3d 1025, 1026 [2011]; *Matter of Gregory S.*, 39 AD3d 552 [2007]; *Matter of Michelle L.*, 24 AD3d 443, 444 [2005]; *Matter of Ayana Jean L.*, 23 AD3d 472, 472-473 [2005]; *Matter of Aminat O.*, 20 AD3d 480, 481 [2005]; *Matter of Sade W.*, 286 AD2d 770, 771 [2001]). Additionally, the Family Court providently exercised its discretion in drawing a negative inference against the mother for her failure to testify at the hearing (*see Matter of Tajani B.*, 49 AD3d 876, 877 [2008]; *Matter of Karen Patricia G.*, 44 AD3d 658, 660 [2007]; *Matter of Christopher L.*, 19 AD3d 597, 598 [2005]).

There is no basis in the record to overturn the Family Court's credibility determination regarding the father's uncontroverted testimony, which is "entitled to considerable deference on appeal" (*Matter of Sadiq H. [Karl H.]*, 81 AD3d 647, 647 [2011]; *see Matter of Andrew B. [Deborah B.]*, 73 AD3d 1036 [2010];

*Matter of Samantha B.*, 5 AD3d 590, 591 [2004]). The fact that the father was seeking custody of the child did not require wholesale rejection of his testimony, which implicated him, as well as the mother, in drug use (*see Matter of Angelyna G.*, 46 AD3d 304 [2007]).

The Family Court providently exercised its discretion regarding the "scope and manner" of cross-examination of the father (*Salm v Moses*, 13 NY3d 816, 817 [2009]; *see Bernstein v Bodean*, 53 NY2d 520, 529 [1981]; *Hoberg v Shree Granesh, LLC*, 85 AD3d 965, 967 [2011]) by precluding certain questions that were "unnecessarily repetitive" or argumentative (*Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980]; *see Bernstein v Bodean*, 53 NY2d at 529; *People v Harrison*, 151 AD2d 778, 779 [1989]).

While the mother is correct that the Family Court erred in admitting into evidence the Domestic Incident Report containing the father's out-of-court statements made to the police concerning the domestic dispute (*see Matter of Imani B.*, 27 AD3d 645, 646 [2006]), the Family Court possessed sufficient information to make its findings of fact without the statements, and it did not rely upon the statements in its fact-finding (*see Matter of Perez v Sepulveda*, 51 AD3d 673, 673-674 [2008]; *Matter of Yolanda D.*, 218 AD2d 648, 651-652 [1995], *affd* 88 NY2d 790 [1996]). Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.