In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Orange County (Bivona, J.), dated April 25, 2011, as, after a hearing, found that she neglected the subject child and placed her under the supervision of the Orange County Department of Social Services, pursuant to stated terms and conditions, for a period of 12 months, and the father separately appeals, as limited by his brief, from so much of the same order as found that he neglected the subject child and placed him under the supervision of the Orange County Department of Social Services, pursuant to stated terms and conditions, for a period of 12 months.
Ordered that the appeals from so much of the order of fact-finding and disposition as placed the mother and the father under the supervision of the Orange County Department of Social Services, pursuant to stated terms and conditions, for a period of 12 months are dismissed as academic, without costs or disbursements, as those portions of the order expired by their own terms; and it is further,
Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
Contrary to the appellants’ contentions, the Family Court’s finding of neglect as to the subject child is supported by a preponderance of the evidence with respect to each parent (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The nonhearsay evidence submitted at the fact-finding hearing established that neither parent was capable of providing basic care for the subject child, a newborn at the time this proceeding was commenced, and that they each had acknowledged as much to a caseworker at the hospital. Furthermore, the Family Court was entitled to draw a negative inference against the father based upon his failure to testify at the fact-finding hearing (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of Delehia J. [Tameka J.], 93 AD3d 668, 670 [2012]; Matter of Zaire D. [Benellie R.], 90 AD3d 923, 923 [2011]).
*1049 The remaining contentions of the mother, the father, and the attorney for the child are either improperly raised for the first time on appeal or without merit. Rivera, J.E, Dickerson, Hall and Cohen, JJ., concur.