■ In the Matter of JIHAD H. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; FAWAZ H., Respondent. (Proceeding No. 1.) In the Matter of ADAM H. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; FAWAZ H., Respondent. (Proceeding No. 2.) In the Matter of KAREEM H. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; FAWAZ H., Respondent. (Proceeding No. 3.) In the Matter of MONERAH H. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; FAWAZ H., Respondent. (Proceeding No. 4.) [58 NYS3d 478]—

Appeal by the petitioner from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated October 28, 2016. The order, after a fact-finding hearing, dismissed the neglect petitions against the father.

Ordered that order is reversed, on the law and the facts, without costs or disbursements, the petitions are reinstated, findings are made that the father neglected the subject children, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing to be held with all convenient speed, and determinations thereafter.

The Administration for Children's Services commenced these proceedings pursuant to Family Court Act article 10, alleging that the father neglected his four children by his drug use and subjecting the mother to domestic violence in their presence. At the fact-finding hearing, the evidence established that the father engaged in an act of domestic violence against the mother, in the presence of the two oldest children, and within the hearing of the third oldest child, resulting in police being called to the house and the defendant being placed under arrest.

Upon the father's arrest, illegal drugs were found on his person, and he later pleaded guilty to two counts of attempted criminal possession of a controlled substance in the seventh degree. The eldest child told a caseworker that the father had hit the mother on prior occasions when he was using drugs, and he could tell when the father was using drugs by his appearance. The second oldest child told the caseworker that he observed the father under the influence of drugs—a state that he recognized when the father nodded while sitting down. The father did not testify at the hearing.

At the conclusion of the hearing, the Family Court credited the witnesses' testimony, which the court found established that the father hit and choked the mother in the presence of two of the children, the eldest child was pushed by the father

when he attempted to intervene, a third child was not in the room when the incident occurred but heard noise, and the three oldest children reported that they had witnessed the father engage in acts of domestic violence against their mother and had also witnessed the father under the influence of drugs. Nevertheless, the court dismissed the petitions on the ground that no physical impairment or risk of physical impairment of the children was established, nor was the mental state of the children explored. The petitioner appeals.

"To establish neglect, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child[ren]'s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child[ren] is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child[ren] with proper supervision or guardianship" (*Matter of Chaim R. [Keturah Ponce R.]*, 94 AD3d 1127, 1130 [2012]). The misuse of drugs inducing a "state of . . . intoxication . . . incompetence, or a substantial impairment of judgment" is prima facie evidence of neglect (Family Ct Act § 1046 [a] [iii]; *see Matter of Keira O.*, 44 AD3d 668, 669 [2007]). Here, the evidence was sufficient to establish a prima facie case of neglect.

Contrary to the Family Court's conclusion, impairment or an imminent danger of impairment to the physical, mental, or emotional condition of the subject children could be inferred from the father's conduct (*see Matter of Lavountae A.*, 57 AD3d 1382 [2008], *affd* 12 NY3d 832 [2009]). A single act of domestic violence in the presence of a child (*see Matter of Andrew Y.*, 44 AD3d 1063 [2007]), or within the hearing of a child (*see Matter of Moises G. [Luis G.]*, 135 AD3d 527 [2016]), may be sufficient for a neglect finding. In this case, there was evidence of repeated acts of domestic violence while the children were present in the household (*see Matter of Joshua V. [Rahsaan J.]*, 137 AD3d 1153 [2016]), which the eldest child attributed to the father's drug use. Furthermore, the father did not testify, warranting the "strongest negative inference" against him (*see Matter of Zaire D. [Benellie R.]*, 90 AD3d 923 [2011]).

Under these circumstances, the Family Court's findings that the subject children were not neglected are not supported by the record. Accordingly, we reverse the order, reinstate the petitions, find that the children are neglected within the meaning of Family Court Act § 1012 (f), and remit the matter to the Family Court, Kings County, for a dispositional hearing and determinations thereafter. Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.