Matter of John M.M. (Michael M.) (2018 NY Slip Op 02326)





Matter of John M.M. (Michael M.)


2018 NY Slip Op 02326


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-03511
 (Docket No. N-24216-15)

[*1]In the Matter of John M. M. (Anonymous). Administration for Children's Services, appellant; Michael M. (Anonymous), respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr, Richard Dearing, Kathy Chang Park, and Jessica Miller of counsel), for appellant.
Janis A. Parazzelli, Floral Park, NY, for respondent.
Seymour W. James, Jr., New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
Appeal by the petitioner from an order of the Family Court, Queens County (Emily Ruben, J.), dated March 7, 2017. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish, prima facie, that the father neglected the subject child, granted the father's motion to dismiss the petition and dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the the father's motion to dismiss the petition is denied, the petition is reinstated, a finding is made that the petitioner established, prima facie, that Michael M. neglected the subject child, and the matter is remitted to the Family Court, Queens County, for a continued fact-finding hearing where Michael M. can present his case, if he be so advised, and a new determination thereafter.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that Michael M. (hereinafter the father) neglected the subject child by committing acts of domestic violence against the child's mother in the presence of the child. After the close of the petitioner's case, the Family Court granted the father's motion to dismiss the petition for failure to establish a prima facie case and dismissed the petition. The petitioner appeals.
"To establish neglect, [a] petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Chaim R. [Keturah Ponce R.], 94 AD3d 1127, 1130; see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). Although the exposure of a child to domestic violence between parents may form the basis for a finding of neglect (see e.g. Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064; Matter of Moises G. [Luis G.], 135 AD3d 527; Matter of Andrew Y., 44 AD3d 1063, 1064), "exposing a child to domestic violence is not presumptively neglectful. Not every child exposed to domestic violence [*2]is at risk of impairment" (Nicholson v Scoppetta, 3 NY3d at 375 [emphasis omitted]; see Matter of Kiana M.-M. [Robert M.], 123 AD3d 720, 721).
Contrary to the Family Court's determination, viewing the evidence in the light most favorable to the petitioner and affording it the benefit of every inference which could be reasonably drawn from the evidence (see Matter of Jaivon J. [Patricia D.], 148 AD3d 890, 892), the petitioner presented a prima facie case of neglect against the father. At the fact-finding hearing, the petitioner presented, among other things, the hearsay testimony of a police officer who testified that the mother described the father throwing an object at her head, choking her, and throwing her to the ground at the side of their bed, causing her to lose consciousness. Certified hospital records that the petitioner also introduced into evidence generally corroborated the mother's statements, including her statement that the child, who was then 11 months old, was lying on the parents' bed throughout the assault. Accordingly, the court erred in granting the father's motion to dismiss the petition (see Matter of Isabella S. [Robert T.], 154 AD3d 606, 606-607; Matter of Jihad H. [Fawaz H.], 151 AD3d at 1064; Matter of Cody W. [Ronald L.], 148 AD3d 914, 916; Matter of Tamara D. [Randolph P.], 120 AD3d 813, 813; Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). Since the court terminated the proceeding after the close of the petitioner's direct case upon an erroneous finding that a prima facie case had not been established, there must be a continued fact-finding hearing for the father to present his case, if he be so advised, and a new determination thereafter (see generally Matter of Jaivon J. [Patricia D.], 148 AD3d at 892; Matter of Marques B. [Eli B.], 133 AD3d 654, 655).
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court