Matter of Abdul R. (Abdul G.) (2024 NY Slip Op 01717)

Matter of Abdul R. (Abdul G.)

2024 NY Slip Op 01717

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2023-02391
 (Docket Nos. N-12473-21, N-12474-21, N-12475-21)

[*1]In the Matter of Abdul R. (Anonymous). Suffolk County Department of Social Services, respondent; Abdul G. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Abdur R. (Anonymous). Suffolk County Department of Social Services, respondent; Abdul G. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Mahak N. (Anonymous). Suffolk County Department of Social Services, respondent; Abdul G. (Anonymous), appellant. (Proceeding No. 3) 

Peter A. Wilner, Jamaica, NY, for appellant.
Christopher J. Clayton, County Attorney, Central Islip, NY (Jayne M. St. James of counsel), for respondent.
Geanine Towers, Brooklyn, NY, attorney for the children.
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Frank A. Tantone, J.), dated February 16, 2023. The order of fact-finding and disposition, insofar as appealed

DECISION & ORDER
from, after a fact-finding hearing, found that the father neglected the subject children.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The Suffolk County Department of Social Services (hereinafter DSS) commenced these related proceedings pursuant to Family Court Act article 10, alleging that the father neglected the subject children. At a fact-finding hearing, DSS presented evidence that, during an altercation with his family involving the children, the father struck the nonrespondent mother while she was holding their youngest child in her arms, causing the mother to fall to the ground while holding that child. Following the hearing, the Family Court found that the father neglected the children by engaging in an act of domestic violence against the mother in the children's presence. The father appeals.
"'A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming [*2]impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence'" (Matter of Ariella S. [Krystal C.], 89 AD3d 1092, 1093, quoting Matter of Kiara C. [David C.], 85 AD3d 1025, 1026). Even a single act of domestic violence, either in the presence of a child or within the hearing of a child, may be sufficient for a neglect finding (see Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064; Matter of Sapphire G. [Samarj L.G.], 136 AD3d 687, 687).
Here, the Family Court's finding that the father neglected the children is supported by the record. A preponderance of admissible evidence supported a finding that the children's physical, mental, or emotional conditions were impaired or in imminent danger of impairment by the father's commission of an act of domestic violence against the mother while the children were present in the household, and while the mother was holding the youngest child (see Matter of Nina P. [Giga P.], 180 AD3d 1047, 1048; Matter of Jihad H. [Fawaz H.], 151 AD3d 1063; Matter of Ndeye D. [Benjamin D.], 85 AD3d 1026, 1026-1027; Matter of Kiara C. [David C.], 85 AD3d at 1026). Although the father disputed the allegations, there is no basis for disturbing the court's credibility determinations, which are entitled to deference and are supported by the record (see Matter of Tatianna C. [James C.], 195 AD3d 1014, 1015; Matter of Alivia F. [John F.], 194 AD3d 709, 712).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court