■ ROME GENERAL CONTRACTING COMPANY, INC., Respondent, v KAPPA RENOVATION CORP. et al., Appellants, et al., Defendant.—In an action to recover damages for labor and materials supplied and to enforce a lien, the defendants Kappa Renovation Corp. and Adanis Renovation Company, Inc., appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated May 24, 1988, which, *inter alia,* granted the plaintiff's motion to compel them to furnish more complete responses to certain of the plaintiff's interrogatories.

Ordered that the order is modified, as a matter of discretion in the interest of justice, by deleting the fourth decretal paragraph thereof; as so modified, the order is affirmed, with costs payable to the plaintiff; and it is further,

Ordered that the time of the defendants Kappa Renovation Corp. and Adanis Renovation Company, Inc. to serve their additional responses to the plaintiff's interrogatories is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

On October 9, 1985, the Board of Education of the City of New York entered into a contract pursuant to which the appellants Kappa Renovation Corp. and Adanis Renovation Company, Inc., agreed to perform major renovation work on the exterior structure of Morris High School in The Bronx according to the requirements set forth in the Board of

Education specification 1367E-85. As part of the renovation project, the appellants agreed to replace 759 windows at the school at a total cost of $760,000.

Subsequently, the appellants subcontracted a major part of the window installation work to the plaintiff. By the terms of the subcontract, the appellants agreed to pay the plaintiff $1,075 for the installation of each window in a series of "progress payments" at the rate of 90% of the amount the plaintiff had requisitioned, as approved by the Board of Education.

In April 1987 the plaintiff stopped all work on the project after purportedly failing to receive a payment that was due. Thereafter, the plaintiff filed a mechanic's lien against the school property, and commenced this action to enforce the mechanic's lien and to recover the sum of $131,500, together with interest, from the appellants. In their answer and counterclaim the appellants denied that they owed the plaintiff any money and maintained that at the time the plaintiff abandoned the project, it had actually been overpaid for the amount of work it had completed. The appellants sought to recover the overpayment, and, *inter alia,* a penalty for the plaintiff's failure to complete the project by the agreed upon deadline and damages which resulted from having to replace the plaintiff with another subcontractor.

Thereafter, the plaintiff served the appellants with a set of 13 interrogatories, 6 of which addressed matters raised in the counterclaim. The appellants made no objections to any of the interrogatories and served their responses. Subsequently the plaintiff sent the appellants a letter detailing why the answers to the six interrogatories relating to the counterclaim were incomplete or insufficient and demanding more complete responses. When the appellants failed to respond to the letter, the plaintiff moved pursuant to CPLR 3124 to compel appellants to furnish more complete responses to the six interrogatories. The Supreme Court granted the plaintiff's motion and directed the appellants to serve more complete responses to the six interrogatories within 30 days of its order. In addition, the court directed that if the appellants did not comply with the order, they would be precluded from offering any testimony or evidence at trial as to those matters raised by the six interrogatories.

We reject the appellants' contention that they should be excused from providing more complete responses on the ground of impossibility *(cf., Electorque Assocs. v Arverne*

*Houses,* 73 AD2d 682). According to the parties' correspondence and the contracts in the record, it is clear that the appellants can and did compile an item-by-item breakdown of the work completed by the plaintiff. However, we find that the imposition of a sanction in the event the appellants failed to adequately and timely respond to the interrogatories was inappropriate at this juncture. The order appealed from is modified accordingly without prejudice to the plaintiff's renewal of its application to preclude certain testimony in the event the appellants fail to comply with that order. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.