■ RED APPLE SUPERMARKETS, INC., et al., Appellants, v MALONE & HYDE, INC., et al., Respondents. [673 NYS2d 672] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 26, 1998, which denied plaintiffs' motion for an extension of discovery and additional time to file a note of issue and certificate of readiness, unanimously affirmed, without costs. Order, same court and Justice, entered January 26, 1998, which granted defendants' motion pursuant to CPLR 3126 to strike plaintiffs' third amended complaint to the extent of precluding plaintiffs from introducing into evidence any documents requested by defendants but not produced prior to January 24, 1996, unanimously modified, on the law, the facts, and in the exercise of discretion, to grant the motion only to the extent of precluding plaintiffs from introducing into evidence any documents requested by defendants but not produced prior to December 3, 1997, and otherwise affirmed, without costs.

Given plaintiffs' dilatory prosecution of this action and failure to pursue discovery vigorously, as manifested by, *inter alia*, their failure to conduct depositions until two weeks before the end date set by the court for all disclosure, and their failure to seek disclosure from the former third-party defendant or from nonparties, the IAS Court did not improvidently exercise its broad discretion in the supervision of discovery-related matters (*see, Kamhi v Dependable Delivery Serv.*, 234 AD2d 34) by denying plaintiffs' motion seeking additional time to prepare for trial.

Nor, given plaintiffs' persistent, prolonged and inadequately explained failure to timely produce evidence requested by defendants, do we perceive any ground upon which the IAS Court's order precluding plaintiffs pursuant to CPLR 3126 from utilizing certain belatedly produced evidence might be deemed unjustified (*see, Cano v BLF Realty Holding Corp.*, 243 AD2d 390; *Pimental v City of New York*, 246 AD2d 467; *Glasburgh v Port Auth.*, 193 AD2d 441; *Jackson v City of New York*, 185 AD2d 768). However, because it cannot be determined

from the record which of the late-produced documents had been requested but not turned over prior to January 24, 1996, and because it appears from the record that both the IAS Court and the parties treated disclosure as ongoing in 1997, we modify the preclusion order for the sake of clarity to provide that plaintiffs are precluded from introducing into evidence any documents requested by defendants but not produced prior to December 3, 1997, the date by which defendants requested that plaintiffs produce all outstanding documents in order to enable defendants to prepare for depositions scheduled for December 11th and 12th. Concur—Ellerin, J. P., Nardelli, Rubin, Andrias and Saxe, JJ.