■ ALAN ANDRADE, Appellant, v AMERICAN PARKINSON DISEASE ASSOCIATION, INC., Defendant, and CLJ BUILDING ENTERPRISES, INC., Respondent. (And a Third-Party Action.) [887 NYS2d 227]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Richmond County (Minardo, J.), entered January 9, 2009, as granted the application of the defendant CLJ Building Enterprises, Inc., to compel him to execute and furnish certain authorizations permitting it to obtain his medical records in connection with a prior incident by a date certain and precluding him from adducing evidence at trial with respect to his injuries if he did not provide those authorizations by that date, and (2) from so much of an order of the same court dated February 4, 2009, as granted those branches of the cross motion of the defendant CLJ Building Enterprises, Inc., which were pursuant to CPLR 3126 to preclude him from adducing certain evidence at trial and from conducting a deposition of nonparty investigators retained by that defendant as a sanction for his noncompliance with the order entered January 9, 2009.

Ordered that the appeal from the order dated January 9, 2009 is dismissed, as that order is not appealable as of right, and we decline to grant leave to appeal (*see* CPLR 5701); and it is further,

Ordered that the order dated February 4, 2009 is reversed insofar as appealed from, on the law, those branches of the cross motion of the defendant CLJ Building Enterprises, Inc., which were to preclude the plaintiff from adducing certain evidence at trial and conducting a deposition of nonparty investigators retained by that defendant are denied, and the plaintiff's time to serve medical authorizations upon that defendant permitting it to obtain his medical records in connection with the prior incident, to the extent not already provided, is extended until 20 days after service upon him of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Although the note of issue had already been filed in this action, the Supreme Court providently exercised its discretion in directing the plaintiff to execute and furnish to the defendant CLJ Building Enterprises, Inc. (hereinafter CLJ), certain medical authorizations pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq*.) relative to a prior incident. Those medical authorizations were neces-

sary for CLJ to obtain the plaintiff's medical records for use at trial (*see Singh v Friedson,* 36 AD3d 605, 606 [2007]; *see also Arons v Jutkowitz,* 9 NY3d 393, 415 [2007]). However, the order containing that directive, which was dated October 16, 2008, but not entered until January 9, 2009, was never served upon the plaintiff with notice of entry. Accordingly, so much of the order dated February 4, 2009, as granted those branches of CLJ's cross motion which were to preclude the plaintiff from presenting certain evidence and conducting a deposition of CLJ's investigators as a sanction for the plaintiff's alleged noncompliance with the order entered January 9, 2009, must be reversed, and the plaintiff's time to serve the authorizations must be extended as indicated.

In light of our determination, we need not address the plaintiff's remaining contentions. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.