■ OXXFORD INFORMATION TECHNOLOGY, LTD., Appellant, v NOVANTAS LLC et al., Respondents. (And a Counterclaim Action.) [910 NYS2d 77]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered March 5, 2010, which denied plaintiff's motion to modify a so-ordered confidentiality stipulation under which the parties agreed that business information exchanged in discovery would be returned to the party that produced it or destroyed after the termination of litigation (the confidentiality order), unanimously affirmed, with costs.

After plaintiff demanded that defendants produce certain confidential business information, the parties negotiated and stipulated to the confidentiality order, and defendants produced much information in reliance thereon. The action eventually settled, whereupon plaintiff's counsel discovered that they had inadvertently backed up defendants' information onto numerous back-up tapes to their law firm's computer system. Claiming it would be too costly to delete the information from the tapes, plaintiff moved to modify the confidentiality order to permit its counsel to retain the information on the tapes subject to proposed safeguards designed to protect the confidentiality of the information.

We find that such cost does not outweigh defendants' bargained-for interest in the postlitigation destruction of its business information in outsiders' hands, or otherwise warrant the proposed modification (*see Bayer AG & Miles, Inc. v Barr Labs., Inc.*, 162 FRD 456, 464 [SD NY 1995]; *see also Rice v Rice*, 288 AD2d 112, 112 [2001], *lv dismissed* 97 NY2d 725

[2002], citing *Bayer AG* at 462-463). Plaintiff voluntarily consented to the confidentiality order (*see Bayer AG* at 465-466), and its counsel, who have demonstrated experience in and sophisticated knowledge of electronic discovery matters, should have foreseen the problem and addressed it when the confidentiality order was being negotiated (*see id.* at 466-467). Defendants relied on the confidentiality order in affording access to their core business secrets, and the proposed safeguards against access by third parties amount to something considerably less than a guarantee. Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Román, JJ.