■ Roug Kang Wang et al., Appellants, v Chien-Tsang Lin et al., Respondents. [941 NYS2d 717]—

In an action for the specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Butler, J.), dated July 2, 2009, which granted the motion of the defendant Tsu Y. Wang to strike the complaint in its entirety pursuant to CPLR 3126, upon the plaintiffs' failure to comply with a discovery order of the same court (Dorsa, J.), dated July 14, 2008, a stipulation between the parties dated March 11, 2009, and a ruling of the same court (Hart, J.), made on May 5, 2009, respectively.

Ordered that the order is modified, on the law, by deleting the

provisions thereof granting those branches of the motion of the defendant Tsu Y. Wang which were to strike the complaint insofar as asserted against the defendants Chien-Tsang Lin, Prince Development Company, LLC, and Mao-Nan Construction, Inc., and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs commenced this action for the specific performance of a contract for the sale of real property against the defendants Chien-Tsang Lin, Tsu Y. Wang, Prince Development Company, LLC, and Mao-Nan Construction Company, Inc.

The Supreme Court initially directed that the plaintiffs' depositions were to be completed by June 24, 2006. Two years later, in an order dated July 14, 2008, the Supreme Court directed the parties to complete the depositions by October 2008. The plaintiffs were not deposed by that deadline, and, in a stipulation dated March 11, 2009, the parties agreed, inter alia, that the plaintiffs' depositions would take place on April 21, 2009. The plaintiff Stella Wang (hereinafter Wang) finally appeared for her deposition on May 5, 2009. However, in response to the questions posed to her, she repeatedly responded, "I don't know," claiming, among other things, that she could not remember her husband's name, how many children she had, or what her signature looked like. That afternoon, the Supreme Court directed the parties to continue Wang's deposition until completion. Nonetheless, Wang did not appear for her deposition the following day.

Prior to the completion of their depositions, the plaintiffs filed a note of issue, despite the clear and unequivocal order dated July 14, 2008, directing that "[n]o 'new' note of issue may be filed until an accurate representation is made that all discovery is completed."

The defendant Tsu Y. Wang moved to strike the complaint in its entirety pursuant to CPLR 3126. In an order dated July 2, 2009, the Supreme Court granted the motion, and determined that the complaint would be dismissed insofar as asserted against all four defendants. The plaintiffs appeal, and we modify.

"[A] trial court is given broad discretion to oversee the discovery process" (*Castillo v Henry Schein, Inc.*, 259 AD2d 651, 652 [1999]). Although actions should be resolved on the merits wherever possible (*see Cruzatti v St. Mary's Hosp.*, 193 AD2d 579, 580 [1993]), a court may strike the "pleadings or parts thereof" (CPLR 3126 [3]) as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been

disclosed" (CPLR 3126). While the nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the motion court (*see Soto v City of Long Beach*, 197 AD2d 615, 616 [1993]; *Spira v Antoine*, 191 AD2d 219 [1993]), "striking [a pleading] is inappropriate absent a clear showing that the failure to comply with discovery demands is willful [and] contumacious" (*Harris v City of New York*, 211 AD2d 663, 664 [1995]).

Here, the plaintiffs' willful and contumacious conduct can be inferred from their failure to comply with the order, stipulation, and ruling requiring disclosure (*see Espinal v City of New York*, 264 AD2d 806 [1999]), the numerous unresponsive and evasive answers given by Wang at her deposition, and the plaintiffs' failure to offer a reasonable excuse for their failure to provide disclosure (*see Northfield Ins. Co. v Model Towing & Recovery*, 63 AD3d 808, 808-809 [2009]; *Maiorino v City of New York*, 39 AD3d 601, 601-602 [2007]; *Kryzhanovskaya v City of New York*, 31 AD3d 717 [2006]). Thus, the Supreme Court providently exercised its discretion in granting that branch of the motion of the defendant Tsu Y. Wang which was to strike the complaint insofar as asserted against him.

The Supreme Court erred in granting those branches of the motion which were to strike the complaint insofar as asserted against the three remaining defendants. Although these defendants were similarly affected by the plaintiffs' actions, the record contains no evidence that they ever sought orders either compelling disclosure or striking the complaint. Thus, the Supreme Court should not have stricken the complaint insofar as asserted against the defendants Chien-Tsang Lin, Prince Development Company, LLC, and Mao-Nan Construction, Inc. (*see Zletz v Wetanson*, 67 NY2d 711, 713-714 [1986]). Skelos, J.P., Eng, Belen and Cohen, JJ., concur.