In an action, inter alia, to recover damages for conversion and fraud, the defendants appeal from so much of an order of the Supreme Court, Queens County (Grays, J.), dated November 3, 2011, as (1) upon granting that branch of the plaintiffs motion which was to compel them to produce the individual tax returns of the defendant Yi Jing Tan for 2007 and 2008, directed that their answer would be stricken unless they produced those tax returns by November 9, 2011, (2) granted that branch of the plaintiffs motion which was to preclude their expert witness from testifying at trial, (3) denied that branch of their cross motion which was to preclude the plaintiffs expert from testifying at trial, and (4) granted that branch of their cross motion which was to preclude the plaintiff from introducing at trial evidence of the bank records of EW Studio, Inc.’s accounts with Cathay Bank only to the extent of precluding the plaintiff from introducing the evidence of certain bank records that had not been disclosed to them. By decision and order on motion dated December 21, 2011, this Court granted that branch of the defendants’ motion which was to stay all proceedings in the above-entitled action pending hearing and determination of the appeal.
Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof directing that the defendants’ answer would be stricken unless the defendants produced the individual tax returns of the defendant Yi Jing Tan for 2007 and 2008 by November 9, 2011, and (2) by deleting the provision thereof granting that branch of the defendants’ cross motion which was to preclude the plaintiff from introducing at trial evidence of the bank records of EW Studio, Inc.’s accounts with Cathay Bank only to the extent of precluding the plaintiff from introducing the evidence of certain bank records that had not been disclosed to them and substituting therefor a provision extending the plaintiff’s time to disclose those records or provide an adequate explanation for failing to disclose them by November 23, 2011, and, in the event *654 the plaintiff does not disclose those records or provide an adequate explanation for failing to disclose them, granting that branch of the defendants’ cross motion in its entirety; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants, and the time for the defendants to produce the individual tax returns of the defendant Yi Jing Tan for 2007 and 2008, and the time for the plaintiff to disclose the bank records of the undisclosed accounts or provide an adequate explanation for failing to disclose those records, shall be 20 days after service upon them of a copy of this decision and order.
A trial court has broad discretion to oversee discovery (see Roug Kang Wang v Chien-Tsang Lin, 94 AD3d 850, 851 [2012]). In the exercise of that discretion, the court may strike pleadings or parts of pleadings as a sanction against a party who “refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed” (CPLR 3126; see Roug Kang Wang v Chien-Tsang Lin, 94 AD3d at 851-852; Mironer v City of New York, 79 AD3d 1106, 1107 [2010] ). The drastic remedy of striking a pleading is inappropriate, however, absent a clear showing that the failure to comply with discovery obligations was willful and contumacious (see Roug Kang Wang v Chien-Tsang Lin, 94 AD3d at 851; Barnes v City of New York, 43 AD3d 1094 [2007]; Patel v DeLeon, 43 AD3d 432, 432-433 [2007]; Delaney v Automated Bread Corp., 110 AD2d 677, 678 [1985]). Here, there was no clear showing that the defendants willfully and contumaciously failed to disclose the individual tax returns of the defendant Yi Jing Tan for 2007 and 2008. Therefore, in granting that branch of the plaintiffs motion which was to compel disclosure of those tax returns, the court improvidently exercised its discretion by directing in the order appealed from that the defendants’ answer would be stricken in the event they did not provide the tax returns by November 9, 2011 (cf. Andrade v American Parkinson Disease Assn., Inc., 66 AD3d 719, 721 [2009]).
The Supreme Court providently exercised its discretion in granting that branch of the plaintiff’s motion which was to preclude the defendants’ expert witness from testifying at trial, given the defendants’ refusal to make timely disclosure under CPLR 3101 (d) (1) (see Burnett v Jeffers, 90 AD3d 799, 800 [2011] ; Lucian v Schwartz, 55 AD3d 687, 688 [2008]; Vigilant Ins. Co. v Barnes, 199 AD2d 257, 257-258 [1993]). By contrast, the plaintiffs expert disclosure was sufficient under CPLR 3101 (d) (1). Thus, the Supreme Court providently exercised its discretion in denying that branch of the defendants’ cross mo *655 tion which was to preclude the plaintiffs expert from testifying (see Hoberg v Shree Granesh, LLC, 85 AD3d 965, 966 [2011]).
The Supreme Court improvidently exercised its discretion in granting that branch of the defendants’ cross motion which was to preclude the plaintiff from introducing at trial evidence of the bank records of EW Studio, Inc.’s accounts with Cathay Bank only to the extent of precluding the plaintiff from introducing the evidence of certain bank records he had not disclosed. That incomplete relief condoned the plaintiffs selective disclosure and put him in a position of benefitting from his discovery violation. Under the circumstances presented here, the plaintiff must disclose the bank records he has not produced or provide an adequate explanation for his failure to produce them. In the event the plaintiff does not disclose the bank records of the undisclosed accounts or provide an adequate explanation for failing to disclose them, that branch of the defendants’ cross motion which was to preclude the plaintiff from introducing at trial evidence of any of the bank records of EW Studio, Inc.’s accounts with Cathay Bank will be granted in its entirety (see Rome Gen. Contr. Co. v Kappa Renovation Corp., 156 AD2d 655, 656-657 [1989]; cf. Isaacs v Isaacs, 71 AD3d 951, 952 [2010]; Kelleher v Mt. Kisco Med. Group, 264 AD2d 760, 761 [1999]; Red Apple Supermarkets v Malone & Hyde, 251 AD2d 78, 78-79 [1998]). The plaintiffs time to disclose the bank records of the undisclosed accounts or provide an adequate explanation for his failure to do so is extended as indicated.
The parties’ remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Balkin, Lott and Miller, JJ., concur.