ERROL M. WARNER, JR., Individually and as Administrator of the Estate of EVELYN M. WARNER, Deceased, Appellant, v ORANGE COUNTY REGIONAL MEDICAL CENTER, Respondent. [6 NYS3d 83]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals, by permission, from an order of the Supreme Court, Orange County (Bartlett, J.), dated February 25, 2013, which, inter alia, sua sponte, directed the dismissal of the complaint based on the plaintiff's failure to, among other things, proceed with jury selection.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Orange County, before a different Justice, for further proceedings consistent herewith.

Although the determination to strike a pleading lies within the discretion of the trial court (*see* CPLR 3126), strong public policy favors the resolution of cases on the merits (*see Eckna v Kesselman*, 11 AD3d 507, 508 [2004]). The drastic remedy of striking a pleading is not appropriate absent a clear showing that the failure to comply with discovery demands was wilful or contumacious (*see* CPLR 3126; *Liang v Yi Jing Tan*, 98 AD3d 653, 654 [2012]). In this case, the record does not establish a clear showing of a pattern of wilfulness or contumacious conduct necessary to justify dismissal of the complaint pursuant to CPLR 3126 (*see Holand v Cascino*, 122 AD3d 575 [2014]; *Canaan v Costco Wholesale Membership, Inc.*, 49 AD3d 583, 584 [2008]; *Conciatori v Port Auth. of N.Y. & N.J.*, 46 AD3d 501, 504 [2007]).

Approximately one week before the scheduled trial date of this matter, counsel for the plaintiff proffered, via facsimile transmission to opposing counsel, a document detailing that he was presently engaged in a jury trial in another court that

likely would proceed for three more weeks and requesting an adjournment of the upcoming scheduled trial in this matter. The defendant's counsel attached this document to a letter that he sent to the Supreme Court, explaining that he opposed any adjournment. The court issued a handwritten order which directed, inter alia, that the scheduled trial date would not be adjourned and that the action would be dismissed if the plaintiff failed to appear for jury selection and that no affidavit of actual engagement would be accepted for filing. Thereafter, on the date scheduled for jury selection, the plaintiff, via substitute counsel, nonetheless filed an affidavit of actual engagement and indicated that plaintiff's counsel was not ready to proceed. The court thereafter dismissed the action. Under such circumstances, the court's dismissal of the complaint pursuant to 22 NYCRR 125.1 (f) also was an improvident exercise of discretion (*see* 22 NYCRR 125.1; *Gage v Gage*, 227 AD2d 443, 444 [1996]). Accordingly, we remit the matter to the Supreme Court, Orange County, before a different Justice, for further proceedings consistent herewith.

Upon remittal to the Supreme Court, the plaintiff must serve its expert witness response and, in the event that the plaintiff does not do so, that branch of the defendant's motion which was to preclude the plaintiff from introducing expert testimony and to dismiss the action for failure to establish a prima facie case should be granted in its entirety (*see Liang v Yi Jing Tan*, 98 AD3d at 655).

The plaintiff's remaining contentions need not be reached in light of our determination. Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.