■ MYIKA DARBEAU, Appellant, v 136 WEST 3RD STREET, LLC, et al., Respondents. [41 NYS3d 17]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered September 28, 2015, which, to the extent appealed from as limited by the briefs, granted defendant McIntosh's motion to vacate the default judgment against him to the extent of ordering a hearing on the issue of whether he received actual notice of this action in time to defend, and denied defendants' motions without prejudice to the extent they sought to change venue, unanimously reversed, on the law, the motions to change venue denied with prejudice, and the appeal otherwise dismissed, without costs, as moot. Order, same court and Justice, entered May 11, 2016, which, among other things, granted defendant 136 West 3rd Street, LLC's (the LLC) motion to vacate the default judgment against it, pursuant to CPLR 317, and granted McIntosh's motion to vacate the default judgment against him to the extent of vacating the monetary damages award and directing that a new assessment of damages with respect to McIntosh occur at trial, unanimously affirmed, without costs.

Service upon the LLC was complete upon service to the Secretary of State (*see* Limited Liability Company Law § 303 [a]). Moreover, because the LLC's motion papers indicate that it chose to seek vacatur pursuant to CPLR 317 and 5015 (a) (1), which presume jurisdiction, and not CPLR 5015 (a) (4), it is precluded from arguing that any deficiency in service constituted a lack of jurisdiction (*Caba v Rai*, 63 AD3d 578, 580-581 [1st Dept 2009]; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C317:2 at 94-95).

Nevertheless, Supreme Court properly vacated the default judgment against the LLC pursuant to CPLR 317. The Secretary of State did not mail the summons and complaint to the LLC's address "on file" (Limited Liability Company Law § 303 [a]). Further, all notices to the LLC regarding the action were misaddressed in some fashion, and the regular mail carrier for the LLC's office acknowledged that he did not follow certified mail procedures with regard to delivering the summons and complaint to the LLC (*see id.*). Given the strong public policy of resolving actions on the merits, that the statutorily prescribed methods of delivery to ensure receipt of the summons and complaint did not occur, that all notices to the LLC regarding the action were misaddressed in some fashion, and that the LLC inexplicably failed to respond to the action despite ample insurance coverage, Supreme Court providently exercised its discretion in determining that the LLC did not receive notice of the action in time to defend (*see* CPLR 317). In addition, Supreme Court properly determined that the LLC has a meritorious defense (*id.*; *see Dykes v McRoberts Protective Agency*, 256 AD2d 2, 3 [1st Dept 1998]).

The issue of whether Supreme Court properly ordered an evidentiary hearing to determine whether McIntosh received actual notice of this action in time to defend is moot, since Supreme Court determined that McIntosh was not entitled to vacatur pursuant to CPLR 317 after he failed to appear at the hearing, and McIntosh has not appealed from that ruling.

Supreme Court providently exercised its discretion in vacating the damages award against McIntosh in the interest of justice, given the size of the judgment against him, his showing of a meritorious defense, and the inconsistency and injustice that will result if, at trial against the LLC, a jury finds that McIntosh's actions were justified (*Neuman v Greenblatt*, 260 AD2d 616, 617 [2d Dept 1999]; *New York Annual Conference of United Methodist Church v Preusch*, 51 AD2d 711 [1st Dept 1976]). Because the complaint did not seek damages for a sum certain or ascertainable by calculation, McIntosh may offer evidence at trial to mitigate damages (*Conteh v Hand*, 234 AD2d 96 [1st Dept 1996]). McIntosh also may offer evidence of comparative negligence insofar as it relates to plaintiff's damages (*see Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730-731 [1984]).

Defendants' motions to change venue from Bronx County to Suffolk County should have been denied with prejudice. As noted, the LLC has waived any jurisdictional argument. Accordingly, we reject its argument that the motions to change

venue should not be decided "with prejudice" until jurisdiction over the parties is established. In addition, records from the Department of Motor Vehicles show that McIntosh resided in Bronx County when the action was commenced (*see* CPLR 503 [a]), and his affidavit stating that he lived in Queens was insufficient to satisfy his burden of showing that the venue chosen by plaintiff was improper (*Singh v Empire Intl., Ltd.*, 95 AD3d 793 [1st Dept 2012]).

We have considered plaintiff's remaining arguments, including her request for security and costs, and find them unavailing. Concur—Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels and Webber, JJ.