■ DALE CROOKE, Respondent, v MICHAEL BONOFACIO et al., Appellants. [47 NYS3d 28]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about July 15, 2015, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion to strike the answer of defendants Continuum Health Partners, Inc. and St. Luke's Roosevelt Hospital Center (collectively St. Luke's) to the extent of striking St. Luke's affirmative defense of justification, unanimously affirmed, without costs.

The court properly exercised its discretion under CPLR 3126 by striking St. Luke's affirmative defense of justification because plaintiff demonstrated that the failure to produce defendant Michael Bonofacio, who was accused by plaintiff of misconduct, for his deposition, was willful, deliberate, contumacious, and done in bad faith (*see Williams v Shiva Ambulette Serv. Inc.*, 102 AD3d 598 [1st Dept 2013]). Moreover, St. Luke's failed to provide a reasonable excuse for its failure to comply (*compare Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213, 215 [1st Dept 2002]). The record shows that St. Luke's repeatedly failed to respond to plaintiff's inquiries about producing Bonofacio for deposition, and neglected to disclose—until well

after the instant motion was filed—that it had terminated his employment causing him to refuse to appear.

Furthermore, it is noted that the court made efforts to limit its order by striking only the affirmative defense that would require Bonofacio's testimony. It did not strike the entire answer, thereby providing St. Luke's with other avenues of defending against plaintiff's claims. We note that courts are vested with broad discretion in fashioning remedies that are precisely tailored to the discovery abuse at issue (*see Red Apple Supermarkets v Malone & Hyde*, 251 AD2d 78 [1st Dept 1998]), and find that the court herein crafted an appropriate remedy. Concur—Tom, J.P., Sweeny, Renwick, Moskowitz and Kapnick, JJ.