Strong v Delemos (2019 NY Slip Op 03645)





Strong v Delemos


2019 NY Slip Op 03645


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-10744
 (Index No. 29926/10)

[*1]Damon Strong, etc., appellant,
v
Michelle Delemos, etc., et al., respondents.


Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Brianna Walsh], of counsel), for appellant.
Bartlett LLP, White Plains, NY (David C. Zegarelli of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated August 31, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3126 to strike the complaint for willful failure to provide discovery.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on that branch of the defendants' motion which was pursuant to CPLR 3126 to strike the complaint for willful failure to provide discovery, and a new determination on that branch of the motion thereafter.
The plaintiff commenced this action to recover damages for medical malpractice and wrongful death, alleging that the defendants' negligence resulted in the decedent's death from an undiagnosed cardiac condition. Following discovery disputes, the Supreme Court issued compliance conference orders directing the plaintiff to provide complete responses to a July 11, 2012, compliance conference order, and the defendants' supplemental notices for discovery and inspection (hereinafter D & I notices) dated January 23, 2013, and March 7, 2013, respectively. In an order dated April 9, 2015, the court vacated the note of issue filed by the plaintiff, determined that the plaintiff failed to demonstrate that he had fully complied with the July 11, 2012, order and the D & I notices, and directed the parties to cooperate in disclosure proceedings. The plaintiff adhered to his position that he had fully complied with discovery demands, and he filed another note of issue. In an order dated November 12, 2015, the court again directed the plaintiff to furnish adequate responses to outstanding discovery demands within 20 days of service of the order and notice of entry.
The defendants then moved, inter alia, to vacate the note of issue and to strike the complaint pursuant to CPLR 3126 for willful failure to provide discovery. On August 17, 2016, during oral argument on the defendants' motion, the plaintiff's counsel represented that he recently served the defendants with the plaintiff's responses to the outstanding discovery demands. The Supreme Court noted that the plaintiff had served those responses upon the defendants' former attorneys of record, this despite the fact that the defendants had served the plaintiff with a consent to change attorney in December 2015, showing this substitution of counsel. In an order dated August [*2]31, 2016, the court granted that branch of the defendants' motion which was pursuant to CPLR 3126 to strike the complaint for willful failure to provide discovery. The plaintiff appeals.
Although the determination to strike a pleading pursuant to CPLR 3126 lies within the discretion of the trial court, public policy strongly favors the resolution of cases on their merits (see Warner v Orange County Regional Med. Ctr., 126 AD3d 887). Therefore, "the remedy of dismissal is only warranted where there has been a clear showing that the failure to comply with discovery demands was willful and contumacious" (Rosenblatt v Franklin Hosp. Med. Ctr., 165 AD3d 862, 862 [internal quotation marks omitted]; see CPLR 3126[3]; Krause v Lobacz, 131 AD3d 1128, 1129).
Here, on the record before this Court, it cannot be determined whether the plaintiff's failure to comply with discovery demands was willful and contumacious. In particular, the record does not reflect the circumstances under which the plaintiff provided his responses to the defendants' previous attorneys of record, whether those responses were complete, and whether this information was before the Supreme Court when the court made its determination. Under these circumstances and in light of the strong public policy in favor of resolving disputes on the merits, the matter should be remitted to the Supreme Court, Suffolk County, for further proceedings on that branch of the defendants' motion which was pursuant to CPLR 3126 to strike the complaint for willful failure to provide discovery, and a new determination on that branch of the motion thereafter.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court