Darbeau v 136 W. 3rd St., LLC (2024 NY Slip Op 01672)

Darbeau v 136 W. 3rd St., LLC

2024 NY Slip Op 01672

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Webber, J.P., Kern, Kennedy, Higgitt, Michael, JJ. 

Index No. 22428/12 Appeal No. 1911 Case No. 2023-00748 

[*1]Myika Darbeau, Appellant,
v
136 West 3rd Street, LLC, et al., Respondents.

Law Offices of Alan H. Greenberg, P.C., Melville (Alan Greenberg of counsel), for appellant.
Stonberg Hickman & Pavloff, LLP, New York (Kevin A. Hickman of counsel), for 136 West 3rd Street, LLC, respondent.
Ahmuty, Demers & McManus, New York (Frank J. Wenick of counsel), for Rayon McIntosh, respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about January 13, 2023, which granted defendant restaurant owner (the LLC)'s motion for summary judgment dismissing plaintiff's claims of negligent hiring and supervision and of vicarious liability due to the negligent or intentional conduct of defendant employee (McIntosh), and denied plaintiff's motion for partial summary judgment as to the LLC's liability on her negligent hiring and supervision claim, to strike the LLC's affirmative defenses of comparative negligence and failure to mitigate damages, and to find for plaintiff against McIntosh on the issues of comparative negligence and failure to mitigate damages, unanimously modified, on the law, to deny the LLC's motion for summary judgment, and otherwise affirmed, without costs.
Plaintiff seeks to recover for her injuries arising from an altercation she had with McIntosh in 2011, after she jumped behind the counter at the McDonald's restaurant where McIntosh worked.
Regardless of whether the relevant conditional order became absolute, summary judgment in the LLC's favor is not appropriate.
The LLC, which did not move to dismiss prior to answering the complaint, waived the defense of collateral estoppel by failing to raise it in the responsive pleading (CPLR 3211[a][5], [e]). Even had the LLC not waived the defense, plaintiff's guilty plea to attempted burglary in the third degree would not collaterally estop her negligence-based claims against the LLC, since there is no "identity of issues" here (Grayes v DiStasio, 166 AD2d 261, 263 [1st Dept 1990]). "Whether or not the plaintiff's conduct was a proximate cause of the [incident] was not an element" of attempted third-degree burglary, "and, thus, not necessarily determined in the criminal action" (Zannelli v Walker, 27 AD3d 460, 461-462 [2d Dept 2006]; see Penal Law § 140.20; see also Williams v Jeffmar Mgt. Corp., 31 AD3d 344, 345 [1st Dept 2006], lv denied 7 NY3d 718 [2006]).
Concerning negligent hiring and supervision, plaintiff raised triable issues of fact as to whether the LLC "should have known of the employee's propensity for the conduct which caused the injury" (Evans v City of Mount Vernon, 92 AD3d 829, 830 [2d Dept 2012], lv denied 20 NY3d 852 [2012]; see Waterbury v New York City Ballet, Inc., 205 AD3d 154, 162 [1st Dept 2022]). It is well settled that "an employer has a duty to investigate a prospective employee when it knows of facts that would lead a reasonably prudent person to investigate that prospective employee" (T.W. v City of New York, 286 AD2d 243, 245 [1st Dept 2001]). McIntosh's handwritten job application provided facts that should have led the LLC to investigate, as he indicated that he worked at the address of a state prison, he earned a "stipend" instead of the typical hourly wage, and one of his supervisors was a corrections officer, or "C.O." Although "the depth of inquiry prior to hiring, irrespective of convictions, may vary in reasonable [*2]proportion to the responsibilities of the proposed employment," the record shows that the LLC made no effort to investigate (Sandoval v Leake & Watts Servs., Inc., 192 AD3d 91, 99 [1st Dept 2020] [internal quotation marks omitted]). Its owner-witness admitted that no background check was performed. She did not know whether a restaurant manager called McIntosh's past employers, and she had no knowledge of his criminal background, as would have been revealed by a call to the past employer (see T.W., 286 AD2d at 245). Contrary to the LLC's contention, the Correction Law does not prohibit consideration of a job applicant's prior convictions, but instead provides a balancing test to determine whether there was a "direct relationship between" a prior offense and the job or whether the employment "would involve an unreasonable risk . . . to the safety or welfare of . . . the general public" (Correction Law §§ 752[1]-[2], 753[1]; see also Correction Law § 750[3]; T.W., 286 AD2d at 246).
We decline to grant plaintiff's motion for partial summary judgment, however, since the record does not prove McIntosh's propensity to violence as a matter of law, given that he did not instigate the fight with plaintiff (see T.W., 286 AD2d at 246; compare Zanghi v Laborers' Intl. Union of N. Am., AFL-CIO, 8 AD3d 1033, 1035 [4th Dept 2004], lv denied 4 NY3d 703 [2005]).
Concerning plaintiff's other claims for vicarious liability, triable issues of fact exist as to whether McIntosh was acting "within the scope of employment" (N.X., 97 NY2d at 251; see Davis v Larhette, 39 AD3d 693, 694 [2d Dept 2007]; Smith v Midwood Realty Assoc., 289 AD2d 391, 391-392 [2d Dept 2001]). According to plaintiff's deposition, McIntosh, the cook at the McDonald's, only became involved in an ongoing argument between plaintiff and a manager after plaintiff questioned the focus of employees to cook and serve her food.
Supreme Court properly declined to strike the LLC's affirmative defenses of comparative fault and failure to mitigate damages and to resolve those issues against McIntosh (see CPLR 3126[1] & [3], 3211[b], 3212[b]). Even if Supreme Court's order (Douglas, J.), entered July 27, 2020, precludes McIntosh's testimony due to his failure to submit to a deposition within 60 days (see Papadopoulos, 192 AD3d at 430; Humble Monkey, LLC, 184 AD3d at 498), by its terms, the order only prevents McIntosh "from using certain witnesses," i.e., himself, as a discovery sanction and does not otherwise bar the submission of evidence (CPLR 3126[2]). Plaintiff's testimony and prior plea allocution constitute evidence of comparative fault, and the independent medical examination report provides evidence of damages or lack thereof for a jury to consider. Plaintiff's theory that a common litigation strategy exists between McIntosh and the LLC, which, she contends, warrants an automatic of finding on these issues against both, is speculative (see Darbeau v 136 W. 3rd St., LLC, 144 AD3d 420, 420 [1st Dept 2016]; compare Crooke v Bonofacio, 2015 NY Slip Op 31218[U], 2015 WL 4273106, *2 [Sup Ct, NY County 2015], affd 147 AD3d 510 [1st Dept 2017]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024