## 180 Lafayette Corp. v Wesco Ins. Co.

2025 NY Slip Op 31638(U)

May 6, 2025

Supreme Court, New York County

Docket Number: Index No. 150160/2019

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ADAM SILVERA**     PART     **01**

*Justice*

-----------------------------------------------------------------------X

180 LAFAYETTE CORP.,

                      Plaintiff,

              - v -

WESCO INSURANCE COMPANY, JORDAN BARRETT

                   Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150160/2019 |
| MOTION DATE | 04/10/2025 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184

were read on this motion to/for                  STAY                .

Upon the foregoing documents and after oral arguments, this Court grants in part the order to show cause by the defendant, Jordan Barrett ("Defendant"), and denies the cross-motion by the plaintiff, 180 Lafayette Corp. ("Plaintiff"), for the reasons set forth below.

Defendant seeks an order sanctioning Plaintiff and dismissing Plaintiff's complaint or, as an alternative to dismissal, (i) precluding Plaintiff from proffering damages testimony at trial or (ii) compelling Plaintiff to allow Defendant to photograph all property at issue in this property-damage case and staying the trial of the case, scheduled for May 28, 2025.

Defendant's requests to sanction Plaintiff and to dismiss Plaintiff's complaint or to preclude Plaintiff's damages testimony, as a result of Plaintiff's alleged disregard of court-ordered discovery, *see* Affirmation in Support ("Support") at 9, are hereby denied. Neither Plaintiff's disclosure of documents unrelated to this litigation, after the Honorable Suzanne Adams ordered disclosure of related documents, *see id.* ¶¶ 22, 27, 33; *see generally id.*, Exh. F, nor Plaintiff's bar on photographs of tenants' spaces during an inspection ordered by the

150160/2019 180 LAFAYETTE CORP. vs. WESCO INSURANCE COMPANY       Page 1 of 4
Motion No. 005

1 of 4

Honorable James G. Clynes, *see id.* ¶¶ 19, 23, 33; *see generally id.*, Exh. I ("Judge Clynes's Order"), constitutes frivolous or contumacious conduct, as would be required to grant Defendant's requests. *See Crooke v Bonofacio*, 147 AD3d 510, 510 (1st Dep't 2017) (dismissal); *Loeb v Assara N.Y. I L.P.*, 118 AD3d 457, 457 (1st Dep't 2014) (preclusion); *Hunts Point Term. Produce Coop. Assn., Inc. v New York City Economic Dev. Corp.*, 54 AD3d 296, 296 (1st Dep't 2008) (sanctions).

As to Judge Adams's order, Plaintiff included documents unrelated to the litigation, and Plaintiff has acknowledged its over-disclosure. *See* Support ¶ 27. Plaintiff did not suppress disclosure, which would have been of greater concern. *Cf. Baxter v Orans*, 63 AD2d 875, 875 (1st Dep't 1978). Plaintiff's over-disclosure was neither frivolous nor contumacious. As to Judge Clynes's Order, Plaintiff seeks to limit photography to protect its tenants' privacy rights, *see* Affirmation in Opposition to Defendant Jordan Barrett's Motion by Order to Show Cause and in Support of Plaintiff's Cross-Motion ¶¶ 15-18, 20; *id.*, Exh. J, rights which Judge Clynes's Order touched upon. *See* Judge Clynes's Order at 1 ("Inspection to be done subject to permission from tenants."). Although the Court will allow all photography, *see infra*, that Plaintiff did not authorize photography of private spaces was neither frivolous nor contumacious. Thus, Defendant's requests to sanction Plaintiff, to dismiss Plaintiff's complaint, and to preclude Plaintiff's testimony are denied.

Defendant's requests to compel Plaintiff to allow Defendant to photograph all property at issue in this case and to stay the trial of this action are hereby granted, subject to the restrictions detailed below. Photographs of the property would aid the jury in evaluating the reasonableness of Plaintiff's repairs. *Cf. Colon v New York City Hous. Auth.*, 248 AD2d 254, 255 (1st Dep't 1998); *Fuisz v 6 E. 72nd St. Corp.*, 2022 NY Slip Op 30973[U], *17-18 (Sup Ct, NY County

150160/2019  180 LAFAYETTE CORP. vs. WESCO INSURANCE COMPANY
Motion No. 005

Page 2 of 4

[* 2]

2022). As such, Defendant shall be entitled to inspect the property at issue, as per Judge Clynes's Order, and photograph all such property. The parties shall promptly agree on a date for the inspection, which shall be conducted on or before June 9, 2025. Defendant shall share with Plaintiff any photographs taken during the inspection on or before June 23, 2025. *See* CPLR § 3101(a). Trial of this action is hereby stayed until July 14, 2025. *See id.* § 2201.

To protect Plaintiff's tenants' interests, photographs taken during the inspection may only be used in connection with, and until the end of, this litigation (including any appeals) and may not be disseminated to anyone not directly involved in this litigation. *See* CPLR § 3103(a); *Jridi v Minaj*, 2019 NY Slip Op 33613[U], *2-3 (Sup Ct, NY County 2019); *see generally Oxxford Info. Tech., Ltd. v Novantas LLC*, 78 AD3d 499, 499 (1st Dep't 2010). At the end of the litigation, the parties must promptly destroy all such photographs (including any copies made). *Cf. Oxxford Info. Tech., Ltd.*, 78 AD3d at 499. Thus, Defendant's request to compel Plaintiff to allow Defendant to photograph all property at issue in this case is granted, subject to the conditions above, and Plaintiff's cross-motion to vacate Judge Clynes's Order is hereby denied.

Accordingly, it is

ORDERED that the portion of Defendant's order to show cause seeking to compel Plaintiff to allow Defendant to take photographs, during an inspection of Plaintiff's property, of all property at issue in this case is granted, subject to the conditions above; and it is further

ORDERED that the inspection shall be conducted on or before June 9, 2025, and that Defendant shall share with Plaintiff any photographs taken during the inspection on or before June 23, 2025; and it is further

ORDERED that the portion of Defendant's order to show cause seeking to stay the trial of this action is granted and the May 28, 2025, trial date is hereby vacated; and it is further

**150160/2019  180 LAFAYETTE CORP. vs. WESCO INSURANCE COMPANY**
**Motion No. 005**

**Page 3 of 4**

ORDERED that all parties must appear in Room 300 of 60 Centre Street, New York, NY, 10007, on July 14, 2025, at 9:30 a.m., for trial; and it is further

ORDERED that the remainder of Defendant's order to show cause is denied; and it is further

ORDERED that Plaintiff's cross-motion to vacate Judge Clynes's Order is denied; and it is further

ORDERED that, within 21 days of entry, Defendant shall serve a copy of this Decision/Order upon all parties with notice of entry.

This constitutes the Decision/Order of the Court.

| 5/6/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ADAM SILVERA, J.S.C.** | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**150160/2019  180 LAFAYETTE CORP. vs. WESCO INSURANCE COMPANY**
Motion No. 005

**Page 4 of 4**

4 of 4

[* 4]