Wells Fargo Bank, N.A. v Iqbal (2026 NY Slip Op 00335)

Wells Fargo Bank, N.A. v Iqbal

2026 NY Slip Op 00335

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ. 

Index No. 35195/14|Appeal No. 5671|Case No. 2025-01548|

[*1]Wells Fargo Bank, N.A., Plaintiff-Respondent,
vTanya Iqbal, Defendant-Appellant, New York City Parking Violations Bureau et al., Defendants.

Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellant.
Friedman Vartolo LLP, Garden City (Stephen J. Vargas of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered January 27, 2025, which, to the extent appealed from as limited by the briefs, denied defendant's motion to vacate an order entered on or about August 11, 2017 granting plaintiff's motion for summary judgment and to vacate a judgment of foreclosure and sale entered on or about March 9, 2018, unanimously affirmed, without costs.
The fact that the subject property has been sold does not render the appeal moot, as had defendant been successful, she could have sought restitution in the amount of the value of the rights lost as a result of the judgment (CPLR 5523; see 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d 766, 768 [2d Dept 2015]).
Supreme Court providently declined to vacate the August 2017 summary judgment order and March 2018 judgment of foreclosure and sale. Defendant did not move to vacate either the order or the judgment until November 2020, over two years after notice of entry had been served and outside the one-year statutory window (CPLR 5015[a][1]).
Even if defendant's motion had been timely, she failed to proffer a reasonable excuse for her delay in seeking a vacatur, in the interest of justice or otherwise. Although defendant's medical excuse for her delay in seeking a vacatur — namely, her development of tetraplegia in 2017 and the departure of her nephew whom she had relied on to assist her with her daily tasks — might be considered a credible and compelling excuse, even absent medical documentation supporting her claim of infirmity (see Ronsco Const. Co., Inc. v 30 E. 85th St. Co., 219 AD2d 281, 284 [1st Dept 1996]; see also Siskin v 221 Sullivan St. Realty Corp., 180 AD2d 544, 545 [1st Dept 1992], lv dismissed 80 NY2d 826 [1992]), defendant's delay was nonetheless not relatively brief so as to warrant vacatur in the interest of substantial justice (see CitiMortgage, Inc. v Maldonado, 171 AD3d 1007, 1008 [2d Dept 2019]; HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1046 [2d Dept 2014]). Moreover, defendant did not explain how she was able to file three bankruptcy petitions, the first one in 2018 roughly a month after plaintiff obtained its judgment of foreclosure and sale, and an order to show cause in 2019 to stay the sale of her home, and yet remained unable to move to vacate the judgment and summary judgment order sooner.
Nor did defendant proffer a meritorious defense (see Darbeau v 136 W. 3rd St., LLC, 144 AD3d 420, 421 [1st Dept 2016]). Contrary to defendant's argument, plaintiff established that it mailed the RPAPL 1304 notice through the affidavit of its employee, who attested that she was familiar not only with how plaintiff, the entity that purportedly sent the notices, created and maintained records, but also how it "drafts, generates, triggers, sends and stores letters in the servicing process" (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21 [2d Dept 2019], lv dismissed 39 NY3d 979 [2023]). The affidavit, which stated that the notices were mailed "on or about" June 20, 2013, was consistent with the USPS tracking information noting that the letter was "processed" on June 21, 2013. In view of this evidence, plaintiff did not need to furnish domestic return receipts to establish that notice was sent by certified mail (see US Bank N.A. v McQueen, 221 AD3d 1049, 1051 [2d Dept 2023]).
The defenses based on Banking Law §§ 6-l and 6-m are also unavailing. Defendant obtained her loan on August 24, 2007. At the time of her mortgage closing, Banking Law § 6-l did not apply to loans exceeding $300,000, and her loan was for $500,000 (see L 2007, ch 552 §§ 1, 2). As for Banking Law § 6-m, which prohibits loans with a negative amortization (see Banking Law § 6-m[b][2]), the statute applies only to "loans . . . consummated on or after September 1, 2008" (L 2008, ch 472 § 5; id. § 28[c]), and defendant's loan, though having a negative amortization feature, was consummated in August 2007.
Defendant's claim that the loan was unconscionable was not raised below and is thus unpreserved for our review.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026